CLEMENT SCHROEDER *et al.*, Plaintiffs-Appellants, *v.* THE COUNTY OF WINNEBAGO *et al.*, Defendants-Appellees.

Second District   No. 76-482

Opinion filed March 13, 1978.

Connolly, Oliver, Goddard, Coplan & Close, of Rockford, for appellants.

Daniel D. Doyle, State's Attorney, and Welsh, Holmstrom, Jacobson, Worden & Gaines, Ltd., both of Rockford, for appellees.

Mr. JUSTICE BOYLE delivered the opinion of the court:

Plaintiffs appeal from the dismissal of their declaratory judgment action in the circuit court of Winnebago County whereby they sought to declare invalid a "special use permit" granted by the Winnebago County Board of Supervisors (hereinafter the Board of Supervisors) to Robert Appelgren for the purpose of constructing a commercial campsite.

The sole issue presented for review is whether the trial court committed reversible error where it upheld the Board of Supervisors' authority to issue a special use permit in the absence of findings of fact which were required by Winnebago County ordinance to be made and submitted by the Zoning Board of Appeals to the Board of Supervisors, who then had the sole and ultimate authority to grant or deny the permit independently of the Zoning Board of Appeals' action.

The parties are basically in agreement that section 16—70(3)(d) of the Winnebago County Zoning Ordinance (hereinafter the ordinance) required the Zoning Board of Appeals to make written findings of fact and submit these with its recommendations to the Board of Supervisors. If the Zoning Board of Appeals made an affirmative recommendation on any special use permit, it was required under this ordinance to make the following findings of fact, which briefly summarized were:

(1) That the special use is not detrimental to the public's welfare;

(2) That the special use does not substantially diminish or impair property values within the neighborhood;

(3) That the special use does not impede the normal and orderly development of other property uses permitted in the district;

(4) That adequate utilities, access roads, drainage, and other necessary facilities will be provided;

(5) That adequate measures are taken to minimize traffic congestion; and

(6) That the specific use conforms to all applicable regulations in its district.

There is also no dispute that these six *specific* findings were not made by the Zoning Board of Appeals prior to the Board of Supervisors' reaching its own independent determination.

Plaintiffs contend, however, that the issuance of this special use permit by the Board of Supervisors, in the absence of findings of fact by the

Zoning Board of Appeals as required by section 16—70(3)(d) of the ordinance, was invalid. In this regard it is important to note what is *not* at issue here. First, in no way do plaintiffs attack the constitutionality of this ordinance. Second, plaintiffs do not argue that the order of the Board of Supervisors, which has operative legal significance, is in any way arbitrary, capricious, or confiscatory as applied to the subject property nor that the Board of Supervisors should have denied the special use permit because it did not bear a real or substantial relationship to the public health, safety, morals or general welfare. *Pioneer Trust & Savings Bank v. County of McHenry* (1968), 41 Ill. 2d 77, 241 N.E.2d 454; *American National Bank & Trust Co. v. City of Rockford* (1977), 55 Ill. App. 3d 806, 371 N.E.2d 337.

Plaintiffs place principal reliance upon *Lindburg v. Zoning Board of Appeals* (1956), 8 Ill. 2d 254, 133 N.E.2d 266, wherein our supreme court, in reviewing an order of a zoning board of appeals which had the *final* authority to grant a variance, specifically found that the action of the zoning board of appeals was improper because it did not make findings of fact as required by statute specifying the reasons for its order. Plaintiff also cites various other appellate court decisions which have held that statutorily mandated findings of fact must be specifically set forth by the various zoning boards of appeals in reaching their decisions.

While we agree with plaintiff's general propositions, we feel there is one distinguishing factor in these cases which is controlling. In each instance the reviewing zoning body, statutorily required by the courts to make specific findings of fact, had the *ultimate authority* to grant or deny the special use or variance requested, whereas in the instant case, the Zoning Board of Appeals, which has made improper findings of fact, did not have the final authority to grant or deny Appelgren's request for a special use permit. This power was vested only in the Board of Supervisors, which by ordinance was not even bound by the Zoning Board of Appeals' findings (section 16—70(4) of the Winnebago County Zoning Ordinance). Further, by a particular quirk in this ordinance, under section 16—70(3)(d), *no* findings of fact were required, and a special use was deemed to be approved if the Zoning Board of Appeals took *no* action on the special use petition within 45 days. Again, however, the Board of Supervisors was not bound by such inaction of the Zoning Board of Appeals. Section 16—70(4).

■■ Accordingly, under these circumstances, where the required findings of fact had no binding effect on the Board of Supervisors (the zoning body charged with the *final* authority to issue a special use permit), and where there is no attack on the final order of the Board of Supervisors either constitutionality or as an arbitrary or unreasonable act, we hold that it was not reversible error for the trial court to uphold the Board of Supervisors' authority to issue a special use permit where the

Zoning Board of Appeals failed to make statutorily mandated findings of fact.

■■■ We believe our determination is also supported by the intrinsic characteristics of a special use in the overall scheme of a county-wide zoning program. As this court stated in *La Salle National Bank v. County of Lake* (1975), 27 Ill. App. 3d 10, 16-17, 325 N.E.2d 105, 111:

> "The nature of a special use does not make the issuance of a permit mandatory upon compliance with the county standards. [Citation.] The granting of a special-use permit is not merely a ministerial function of a legislative body. Rather, whenever a special use is proposed a legislative body must make an independent determination that the particular use in the proposed location is designed in such a way as to be compatible with the surrounding area. Whether a special use is compatible depends upon the circumstances of each case. In certain situations it is entirely possible for a special use to have no adverse effect despite its failure to comply with all standards. [Citation.] In others, the special use may have adverse effects even though it complies with all of these standards. *Therefore, any standards which a legislative body has passed beforehand can only serve as guidelines. To hold that prior standards are absolute requirements which must rigidly be adhered to would rob the special-use technique of its much needed flexibility.* We must note again, however, that while strict adherence to the legislative body's own standards is not required of that body in passing on special uses, a legislative body must exercise its power in a reasonable way and adherence to these standards is a strong indication of reasonableness." (Emphasis added.) (See also *LaGrange State Bank v. County of Cook* (1977), 53 Ill. App. 3d 79, 368 N.E.2d 601.)

Likewise, the findings of fact of the Zoning Board of Appeals serve only as guidelines for the Board of Supervisors and are not absolute requirements which must be strictly followed by this legislative body. Rather, the Board of Supervisors must make its own independent determination that the special use is permissible. It is the reasonableness of *this* order which the courts must review and not that of an advisory intermediate zoning body.

For the above reasons the judgment of the circuit court of Winnebago County is affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and GUILD, J., concur.