Appellant Phillip P. Karagan initiated this cause on December 11, 1981, seeking issuance of an alternative writ of mandamus directed to the City of Mobile, Alabama, and the Mobile City Planning Commission, commanding them to appear and show cause why a peremptory writ of mandamus should not be issued ordering and compelling both the City and its Planning Commission to rezone certain property owned by Karagan in Mobile, Alabama, from Residence-Agriculture District to Two-Family Residence District.[1] Along with his original petition, Karagan filed a number of exhibits, including an application for amendment to zoning ordinance, and an excerpt from a public hearing of the Planning Commission on June 4, 1981. On February 12, 1982, defendants filed a motion to dismiss Plaintiff's cause for its alleged failure to state a claim upon which relief might be granted. On March 10, 1982, Defendants' motion was granted. From this final order of dismissal, Karagan appeals.
We reverse.
Phillip P. Karagan is the owner of a 23.5-acre parcel of realty situated on Howells Ferry Road and Colonial Lane in the City of Mobile, Alabama. On or about May 15, 1981, Karagan submitted to the Mobile City Planning Commission an application requesting that his property be rezoned *Page 59 
from Residence-Agriculture District (R-A) to Two-Family Residence District (R-2).
On June 4, 1981, the Mobile City Planning Commission held a public hearing as required by the zoning ordinance of the City of Mobile. At this time, Karagan testified as to the alleged propriety of his proposed development.[2] Additionally, Karagan submitted a report of Courtney and Morris Appraisals, Inc., to the effect that the project in question would not negatively influence property values in the area, and that such rezoning would be appropriate. At this same hearing, a petition signed by some 69 persons opposing such rezoning was also presented to and accepted by the Commission.
Subsequently, the Planning Commission voted[3] to recommend denial of Karagan's zoning amendment, citing as grounds therefor: (1) a development of the density proposed should be located on a major street or at least a secondary street; and (2) the proposed development would be out of character with the neighboring single-family residential areas.
Thereafter, the report of the Planning Commission was transmitted to the Mobile Board of Commissioners, which took no action within 30 days from its receipt thereof, thereby denying Karagan's application to rezone.
Appellate review of an order granting a motion to dismiss in the context of a petition for mandamus, seeking to test the propriety of a city's legislative function relating to zoning, presents conflicting legal presumptions and standards: (1) Rarely should motions to dismiss be granted, and then only when it appears on the face of the petition that the facts alleged do not entitle the petitioner to relief. Alorna CoatCorporation, Inc. v. Behr, 408 So.2d 496 (Ala. 1981); (2) While the writ of mandamus, under the appropriate circumstances, is the proper extraordinary remedy to review discretionary municipal decisions, Foshee v. State, 210 Ala. 155, 97 So. 565
(1923), it is grantable only where petitioner shows a clear, specific legal right, Pritchett v. Nathan Rodgers Constructionand Realty Corp., 379 So.2d 545 (Ala. 1979); and (3) In the absence of fraud, a municipality's decision of a discretionary nature is presumed legal and correct; and, unless constitutionally proscribed, or otherwise prohibited by law, such legislative acts are judicially reviewable only on grounds of arbitrariness and capriciousness, tested by the "fairly debatable" standard, Jefferson County v. O'Rorke, 394 So.2d 937
(Ala. 1981).
Ordinarily, the separate application of each of these long-established and well understood principles is relatively simple. Where, as here, however, the application of all three rules is invoked in a single contextual setting, an accommodation of priorities must be effected. We believe the letter and spirit of our modern rules of notice pleading, under the instant circumstances, favor deference to the strictures imposed upon the granting of a motion to dismiss.
The issue presented by a motion to dismiss is not whether the plaintiff will prevail, Scheuer v. Rhodes, 416 U.S. 232,94 S.Ct. 1683, 40 L.Ed.2d 90 (1976); rather, construing the allegations most favorably to the nonmoving party, the test is whether, under any conceivable theory or any applicable set of facts, the nonmoving party would be entitled to recover. Pruittv. Pruitt, 343 So.2d 495 (Ala. 1976); Willis v. Buchman,30 Ala. App. 33, 199 So. 886, rev. on other grounds, 240 Ala. 386,199 So. 892, 132 A.L.R. 1179 (1940).
Conceivably, the non-action of the city council, having the legal effect of adopting the Planning Commission's recommendation rejecting petitioner's request for rezoning, may have constituted an arbitrary and capricious decision. Indeed, the record reflects, for example, that one of the two reasons given by the Planning Commission in support of its recommendation for denial of rezoning was the fact that the public road servicing the property sought to be *Page 60 
rezoned was neither a primary nor secondary road, as required by the zoning ordinance; yet, the City's response to a request for admissions concedes that the street in question is a secondary road. This observation is not to be construed as an expression of an opinion on the merits of the case. It merely demonstrates that the case is prematurely before us for appellate review.
REVERSED AND REMANDED.
MADDOX, SHORES and BEATTY, JJ., concur.
TORBERT, C.J., concurs in the result.
[1] The trial court on December 14, 1981, issued an order directing that the alternative writ of mandamus be granted, or, that Defendants appear within nine days therefrom to show cause why the subject property should not be rezoned.
[2] Karagan's proposed development was a 120-unit duplex development.
[3] The vote was 7-0 against the rezoning amendment, with one abstention.