MADDOX, Justice.
This appeal involves a single issue: Whether the trial court properly granted summary judgment in a case involving the city’s refusal to rezone a specific parcel of land within its corporate boundaries. We conclude that the trial court’s judgment was improper and we reverse.
This is the second time this case has been before us. See Karagan v. City of Mobile, 420 So.2d 57 (Ala.1982). In that decision, we reversed the trial court, which had granted the city’s motion to dismiss for failure to state a claim upon which relief might be granted. The facts as recited in that opinion are pertinent here and we quote them:
“Phillip P. Karagan is the owner of a 23.5 acre parcel of realty situated on Howells Ferry Road and Colonial Lane in the City of Mobile, Alabama. On or about May 15, 1981, Karagan submitted to the Mobile City Planning Commission an application requesting that his property be rezoned from Residence-Agriculture District (R-A) to Two-Family Residence District (R-2).
“On June 4,1981, the Mobile City Planning Commission held a public hearing as required by the zoning ordinance of the City of Mobile. At this time, Karagan testified as to the alleged propriety of his proposed development [a 120 unit duplex development]. Additionally, Karagan submitted a report of Courtney and Morris Appraisals, Inc., to the effect that the project in question would not negatively influence property values in the area, and that such rezoning would be appropriate. At this same hearing, a petition signed by some 69 persons opposing such rezoning was also presented to and accepted by the Commission.
*121 “Subsequently, the Planning Commission voted [7-0 against rezoning, with one abstention] to recommend denial of Kara-gan’s zoning amendment, citing as grounds therefor: (1) a development of the density proposed should be located on a major street or at least a secondary street; and (2) the proposed development would be out of character with the neighboring single-family residential areas.
“Thereafter, the report of the Planning Commission was transmitted to the Mobile Board of Commissioners, which took no action within 30 days from its receipt thereof, thereby denying Karagan’s application to rezone.”
420 So.2d at 58-59.
Following a remand of the first case, Karagan filed a motion for summary judgment. The city and the planning commission responded and filed their motion for summary judgment and dismissal of the case. Attached to the city’s and planning commission’s motion for summary judgment was the affidavit of Arch Winter, the city’s planning consultant for more than thirty years, which stated, in essence, that the decision of the board of commissioners not to rezone was not arbitrary or capricious, as the question was one which was “fairly debatable.”[1]
The trial court granted the city’s and planning commission’s motion for summary judgment, pursuant to Rule 54(b), Ala.R. Civ.P., and denied Karagan’s motion for summary judgment. From this final judgment, Karagan appeals.
Karagan asserts, inter alia, that due process requires that valid grounds be given by the Mobile Planning Commission to the board of commissioners when making a recommendation concerning a proposed zoning ordinance. Regarding the proposed zoning amendments, Mobile Zoning Ordinance IX-5 provides in pertinent part that “... the [Planning] Commission shall prepare a record of its proceedings in each case.. .. [A] certified copy of the record, together with the Planning Commission’s recommendation and the grounds therefor, shall be transmitted to the Board of Commissioners for further action.” (Emphasis added.) Karagan, citing Lynwood Property Owners Assn. v. Lands Described, 359 So.2d 357 (Ala.1978), argues that an invalid act by the planning commission, i.e., the recommendation of rezoning for invalid reasons, cannot be made valid by ratification of the board of commissioners.
The two grounds given by the planning commission for recommending denial of Karagan’s application were: (1) a development of the density proposed should be located on a major street, or at least a secondary street and (2) the proposed development would be out of character with neighboring single-family residential areas. The city’s response to a request for admissions concedes, however, that Howells Ferry Road, one of the streets servicing the property, is a secondary road.
Summary judgment shall be rendered if the pleadings, depositions, interrogatory answers, or affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R. Civ.P., Ray v. Montgomery, 399 So.2d 230, 232 (Ala.1980). The burden is on the moving party to establish that there is no genuine issue of a material fact and if there is a scintilla of evidence supporting the position of the party against whom the motion is made, summary judgment cannot be granted. Rule 56(c), Ala.R.Civ.P., Committee Comments; Fountain v. Phillips, 404 So.2d 614, 618 (Ala.1981); Ray v. Montgomery, 399 So.2d 230, 232 (Ala.1980).
The city’s admission that Howells Ferry Road was in fact a secondary street is at least a scintilla of evidence that at least one of the two reasons expressed by the *122 planning commission in support of its recommendation to the board of commissioners for denial of rezoning was arbitrary. Because the city failed to establish that there was no genuine issue as to any material fact, the city was not entitled to summary judgment. Consequently, under these circumstances, summary judgment was inappropriate. By. so holding, however, we should not be understood as deciding whether the rezoning issue was “fairly debatable”; we only decide that Karagan is entitled to a trial on this issue.
The judgment of the trial court is therefore reversed and the cause rerhanded.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.

. See Waters v. City of Birmingham, 282 Ala. 104, 209 So.2d 388 (1968), wherein we stated in regard to zoning amendments: “[I]f the adoption of the ordinance raises questions upon which reasonable differences may exist.in view of all the circumstances, and the wisdom of the ordinance is fairly debatable, then the action of the municipal governing body in adopting the ordinance will not be deemed arbitrary. ...” 282 Ala. at 108, 209 So.2d at 391.