This is an appeal from a judgment entered by the Mobile Circuit Court ordering appellants, the City of Mobile (City) and the Mobile City Planning Commission (Planning Commission), to rezone the subject property from Residence-Agriculture District to Two-Family Residence District. We reverse and remand.
This is the third time this case has been before us. SeeKaragan v. City of Mobile, 420 So.2d 57 (Ala. 1982); andKaragan v. City of Mobile, 437 So.2d 120 (Ala. 1983). On the first appeal, we reversed the judgment of the trial court, which had granted the City's motion to dismiss for failure to state a claim upon which relief might be granted. On the second appeal, we reversed a summary judgment that had been granted the City. The facts, as recited in those opinions, are pertinent here and we recite them again:
 "`Phillip P. Karagan is the owner of a 23.5 acre parcel of realty situated on Howells Ferry Road and Colonial Lane in the City of Mobile, Alabama. On or about May 15, 1981, Karagan submitted to the Mobile City Planning Commission an application requesting that his property be rezoned from Residence-Agriculture District (R-A) to Two-Family Residence District (R-2).
 "`On June 4, 1981, the Mobile City Planning Commission held a public hearing as required by the zoning ordinance of the City of Mobile. At this time, Karagan testified as to the alleged propriety of his proposed development [a 120 unit duplex development]. Additionally, Karagan submitted a report of Courtney and Morris Appraisals, Inc., to the effect that the project in question would not negatively influence property values in the area, and that such rezoning would be appropriate. At this same hearing, a petition signed by some 69 persons opposing such rezoning was also presented to and accepted by the Commission.
 "`Subsequently, the Planning Commission voted [7-0 against rezoning, with one abstention] to recommend denial of Karagan's zoning amendment, citing as grounds therefor: (1) a development of the density proposed should be located on a major street or at least a secondary street; and (2) the proposed development would be out of character with the neighboring single-family residential areas.
 "`Thereafter, the report of the Planning Commission was transmitted to the Mobile Board of Commissioners [City], which took no action within 30 days from its receipt thereof, thereby denying Karagan's application to rezone.'"
437 So.2d at 120-21 and 420 So.2d at 58-59.
Following a trial on the merits, the trial court, sitting without a jury, ordered the City and the Planning Commission to rezone Karagan's property from Residence-Agriculture to Two-Family Residence. The trial court held that the Planning Commission was required to state valid grounds in its recommendations to the City, and that the ground stated in the Planning Commission's recommendation to deny Karagan's proposed amendment, namely, that the "proposed development would be out of character with the neighboring single family *Page 62 
residential areas," was not a valid ground.[1]
On appeal, the City argues that because this is a zoning case, the only issue properly before this Court is whether the City's denial of Karagan's proposed amendment was "fairly debatable." Karagan, however, argues that the judgment of the trial court was correct and that because the ground stated in the Planning Commission's recommendation was invalid, the City's denial of the proposed amendment was arbitrary and capricious.
Mobile Zoning Ordinance, § IX-B-5, provides:
 "5. PUBLIC HEARING. The Planning Commission shall hold a public hearing on every proposed amendment whether of the text of this ordinance or the zoning map.
 "Following the public hearing, the Commission shall prepare a record of its proceedings in each case. The record of the proceedings shall be filed in the office of the Commission and shall be a public record; a certified copy of the record, together with the Planning Commission's recommendation and the grounds therefor, shall be transmitted to the [City] for further action."
Section IX-B-6 provides in pertinent part:
 "6. LEGISLATIVE DISPOSITION. The [City] shall examine all such applications and reports submitted to it and shall take such further action as it deems necessary and desirable. The [City] in its discretion may determine whether to hold a public hearing on the application, and if the [City] determines not to hold a public hearing or takes no action within 30 days after the application and report are received by the City Clerk from the Planning Commission the application shall be deemed denied."
Zoning is an exercise of the police power of a city and is a legislative matter. COME v. Chancy, 289 Ala. 555, 269 So.2d 88
(1972). The legislature of Alabama delegated legislative authority to municipalities of the state to pass general zoning ordinances. Fleetwood Development Corp. v. City of VestaviaHills, 282 Ala. 439, 212 So.2d 693 (1968). Code 1975, §11-52-70, provides:
 "Each municipal corporation in the state of Alabama may divide the territory within its corporate limits into business, industrial and residential zones or districts and may provide the kind, character and use of structures and improvements that may be erected or made within the several zones or districts established and may, from time to time, rearrange or alter the boundaries of such zones or districts and may also adopt such ordinances as necessary to carry into effect and make effective the provisions of this article."
Section 11-52-76 provides:
 "The legislative body of such municipality shall provide for the manner in which such regulations and restrictions and the boundaries of such districts shall be determined, established and enforced and from time to time amended, supplemented or changed and may adopt such ordinances as may be necessary to carry into effect and make effective the provisions of this article."
The Mobile Zoning Ordinance, which was enacted in accordance with the provisions of the Code, specifically provides that the Planning Commission shall make recommendations on proposed amendments and transmit its recommendations to the City for "further action." Section IX-B-6 of the zoning ordinance, which is entitled Legislative Disposition, specifies the "further action" the City might take. Consequently, the City, within the context of the zoning ordinance and within the limits imposed by the Code, has the ultimate authority to rezone, and the Planning Commission, in consideration of a rezoning amendment, *Page 63 
is an advisory body only. The Planning Commission can recommend to the City what it thinks should be done, but it cannot pass finally on an application to rezone. The City is not bound by a recommendation of the Planning Commission. Though we can find no Alabama case directly on point, in Cale v. City of Bessemer,393 So.2d 959 (Ala. 1981), this Court affirmed the denial, by the Bessemer City Commission, of an application to rezone certain property after the Bessemer Planning and Zoning Commission had unanimously recommended approval of the application.
In the instant case, the recommendation of the Planning Commission and the grounds stated therein, were only factors to be considered by the City in arriving at its ultimate decision as a legislative body. See Wright v. Mayor and Commissioners ofthe City of Jackson, 421 So.2d 1219 (Miss. 1982); Taylor v.City of Little Rock, 266 Ark. 384, 583 S.W.2d 72 1979. We find to be particularly persuasive the case of Kleidon v. City ofHickory Hills, 120 Ill. App.3d 1043, 76 Ill.Dec. 277,458 N.E.2d 931 (1984). In Kleidon, the City of Hickory Hills adopted a variation ordinance. The plaintiffs, in an attempt to enjoin enforcement of the ordinance, brought suit and alleged, in part, that the failure of the zoning board to make findings of fact with respect to the then-proposed ordinance invalidated the City's action in adopting the ordinance. The court affirmed the City's adoption of the ordinance and wrote:
 "Plaintiffs next contend that the [Zoning] Board failed to make proper findings of fact and argue that Ordinance No. 81-14 is, therefore, void. The failure of an administrative body acting in an advisory capacity to make findings of fact mandated by ordinance does not affect the validity of an ordinance enacted by the legislative body vested with such authority. (Thompson v. Cook County Zoning Board of Appeals (1981), 96 Ill. App.3d 561, 51 Ill.Dec. 777, 421 N.E.2d 285; Schroeder v. County of Winnebago
(1978), 58 Ill. App.3d 207, 15 Ill.Dec. 731, 374 N.E.2d 24.) Reports or findings of an administrative body, even when required by statute, are merely advisory and do not affect the authority of the City Council where the latter has the final decision-making authority. (Thompson; see Spielman v. County of Rock Island (1982), 103 Ill. App.3d 514, 59 Ill.Dec. 269, 431 N.E.2d 770.) Here the authority to grant variations is expressly reserved to the City Council. Therefore, the alleged failure by the Zoning Board to make findings of fact or any asserted deficiency regarding such findings does not invalidate the legislative action taken thereon by the City Council. Accordingly, we need not further address plaintiffs' contention."
120 Ill.App.3d at 104, 76 Ill.Dec. 284, 458 N.E.2d at 938.
Regardless of the grounds stated in the recommendation of the Planning Commission, the recommendation was no more than advisory in nature. Therefore, any alleged deficiency regarding the recommendation would not invalidate the legislative action taken by the City on Karagan's proposed zoning amendment.
The City's contention that the only issue before the court was whether the denial of the proposed amendment by the City was fairly debatable is correct.
 "In the recent decisions of Jefferson County v. O'Rorke, 394 So.2d 937 (Ala. 1980), and Cale v. City of Bessemer, 393 So.2d 959 (Ala. 1980), the Court reiterated its abiding adherence to the rule of law that a trial court must not disturb the zoning decision of a duly constituted municipal body so long as that decision is based upon a `fairly debatable' rationale. A zoning determination is said to be fairly debatable `when for any reason it is open to dispute or controversy on grounds that make sense or point to a logical deduction that in no way involves its constitutional validity,' Miami Beach v. Lachman, 71 So.2d 148 (Fla. 1953), or where the evidence provides a basis for a fair difference of opinion as to the application *Page 64 
of the determination to particular property." (Citation omitted.)
 "By virtue of this `fairly debatable' rule, the role of the judiciary in zoning cases is extremely limited and the dimensions of judicial review are narrowly confined." (Citation omitted). City of Birmingham v. Morris, 396 So.2d 53, 55 (Ala. 1981). See also, Woodard v. City of Decatur, 431 So.2d 1173
(Ala. 1983).
The trial court did not make any finding as to whether the denial was fairly debatable. Therefore, the trial court erred in entering judgment for Karagan. The judgment is reversed and the cause remanded for a determination as to whether the denial by the City was fairly debatable.
REVERSED AND REMANDED.
FAULKNER, ALMON, EMBRY and ADAMS, JJ., concur.
[1] The parties did not argue the validity of the second ground set forth in the recommendation, that "a development of the density proposed should be located on a major street, or at least a secondary street," because the City admitted that Howells Ferry Road was a secondary street.