This case involves the suspicion of child abuse reported by a doctor, pursuant to the Child Abuse Reporting Act, § 26-14-1
et seq., Code of Ala. 1975. Vadine Brown appeals from the dismissal of her claim against Dr. Daniel Pound and others, on the ground of immunity, as provided for by § 26-14-9, Code of Ala. 1975. We affirm.
On March 6, 1988, Mrs. Brown took her grandson to Decatur Medical Surgical Center to be treated for a burn. Dr. Daniel Pound, who was in charge of the emergency room, examined the burn. As a result of his examination, he suspected child abuse and reported his suspicions to the Morgan County Department of Human Resources, as mandated by § 26-14-3, Code of Ala. 1975. The Department of Human Resources investigated and determined that there was no evidence of child abuse.
On January 10, 1989, Mrs. Brown filed a complaint in the Circuit Court of Morgan County, against Dr. Daniel Pound and Decatur Medical Associates, Ltd., a partnership doing business as Decatur Medical Surgical Center, on the theory of respondeat superior. She alleged that the report made by Dr. Pound was groundless and in violation of the Child Abuse Reporting Act. She further alleged that, as a result of the report, she had suffered mental and emotional damages, as well as an invasion of privacy.
In response to her complaint, Dr. Pound and Decatur Medical Associates filed a motion to dismiss on the ground of absolute immunity, citing § 26-14-9. The trial court dismissed the case. Vadine Brown filed a notice of appeal on November 1, 1990. *Page 886 
The sole issue presented is whether the trial court erred in dismissing the case on the ground that § 26-14-9, Code of Ala. 1975, provides absolute immunity to the doctor and to the medical center.
The Alabama Child Abuse Reporting Act was passed in 1965 for the purpose of protecting children who may be subjected to abuse or neglect. Section 26-14-3 mandates that certain persons report known or suspected child abuse:
 "(a) All hospitals, clinics, sanitariums, doctors, physicians, surgeons, medical examiners, coroners, dentists, osteopaths, optometrists, chiropractors, podiatrists, nurses, school teachers and officials, peace officers, law enforcement officials, pharmacists, social workers, day care workers or employees, mental health professionals or any other person called upon to render aid or medical assistance to any child, when such child is known or suspected to be a victim of child abuse or neglect, shall be required to report, or cause a report to be made of the same, orally, either by telephone or direct communication immediately, followed by a written report, to a duly constituted authority.
 "(b) When a report is made to a law enforcement official, such official subsequently shall inform the department of human resources of the report so that the department can carry out its responsibility to provide protective services to the respective child or children."
The failure of any of the persons named in the statute to report suspected child abuse subjects them to criminal sanctions. Because it requires that these individuals report child abuse, it also provides immunity to those who report.
Section 26-14-9 provides:
 "Any person, firm, corporation or official participating in the making of a report or the removal of a child pursuant to this chapter, or participating in a judicial proceeding resulting therefrom, shall, in so doing, be immune from any liability, civil or criminal, that might otherwise be incurred or imposed."
Mrs. Brown contends that § 26-14-9 is not, and should not be, an absolute grant of immunity. She alleges in her complaint that because of Dr. Pound's groundless report, she was subjected to embarrassment, humiliation, and mental and emotional stress.
Only one case to date has thoroughly addressed the issue of immunity in suspected child abuse or neglect cases. InHarris v. City of Montgomery, 435 So.2d 1207 (Ala. 1983), the examining physician filed a report with the Montgomery Police Department after diagnosing the child's injury as a case of suspected child abuse or neglect. After an investigation, the police department determined that the case was not one of child abuse or neglect. Thereafter, the child's mother filed a complaint against the treating physician, the hospital, the police officers, and the City of Montgomery. The trial court granted the physician and the hospital's motion to dismiss, pursuant to the immunity provision of § 26-14-9. See435 So.2d at 1212. This Court stated that the immunity was absolute. Id.
In Harris, the allegations against the officers, however, included false imprisonment, false arrest, defamation, and other tortious conduct not protected by the statute. Harris, at 1212. This Court determined that the officers' alleged actions were not protected by the immunity provision and reversed the dismissal as to those allegations and remanded the case for further proceedings. Id.
Mrs. Brown argues that Harris indicates that the immunity provided by § 24-14-9, is not absolute if there are allegations of other torts. While mere compliance with the statute is not an automatic grant of immunity, this case does not present any allegations of injury or damage not related to the reporting of the suspected child abuse. See, Harris, at 1215. There is no evidence that Dr. Pound did anything more than comply with the mandates of the statute in reporting his suspicions. Because the action of Dr. Pound and the Decatur Medical Surgical Center were within the requirements of the Child Abuse Reporting Act, § 26-14-9 provides them with absolute immunity.
Vadine Brown contends that because the statute is not an absolute bar to immunity, *Page 887 
the trial court erroneously dismissed her claim. The standard of review applicable to motions to dismiss is set forth inSeals v. City of Columbia, 575 So.2d 1061 (Ala. 1991), quoting from Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala. 1985):
 " 'Where a [Rule] 12(b)(6) motion has been granted and this Court is called upon to review the dismissal of the complaint, we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. First National Bank v. Gilbert Imported Hardwoods, Inc., 398 So.2d 258 (Ala. 1981). In so doing, this Court does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail. Karagan v. City of Mobile, 420 So.2d 57
(Ala. 1982).' " (Emphasis in Fontenot.)
Mrs. Brown has failed to allege any claims for which § 26-14-9
does not provide immunity; therefore, the dismissal was proper.
The judgment of dismissal is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.