SAM A BEATTY, Retired Justice.
The plaintiff, Teresa Jones, appeals from the dismissal of her complaint against the defendant, Living Centers Holding Company. Our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975. We affirm.
Living Centers previously employed Jones as a certified nursing assistant at South Haven Nursing Home. During the course of her employment, Jones was alleged to have engaged in inappropriate behavior toward an adult resident at South Haven. Living Centers reported Jones’s alleged conduct to the Alabama Department of Human Resources, as required by the Adult Protective Services Act, §§ 38-9-1 through -11, Ala.Code 1975 (“APSA”). Specifically, § 38-9-8 mandates that caregivers such as nursing homes report suspected physical abuse, neglect, exploitation, sexual abuse, or emotional abuse of persons protected by the APSA In April 1995, a Montgomery County grand jury indicted Jones for violating the APSA, but the charges against her were nol-prossed in August 1995.
Jones sued South Haven, alleging that her indictment was the result of malicious, wanton, or unreasonable conduct on the part of its agents or employees. Living Centers filed a motion to dismiss, identifying itself as the proper defendant, stating that the complaint had improperly identified it as South Haven Nursing Home, and arguing that it was entitled to immunity from liability, pursuant to § 38-9-9, Aa.Code 1975. Section 38-9-9 states:
“Any person, firm or corporation making or participating in the making of a report pursuant to this chapter or participating in a judicial proceeding resulting therefrom shall in so doing be immune from any liability, civil or criminal, that might otherwise be incurred or imposed.”
After a hearing, the trial court dismissed the complaint.
Jones contends that the APSA grants qualified immunity to persons who report abusive and/or neglectful conduct toward adults, but does not grant them absolute immunity. Whether the APSA grants absolute or qualified immunity is an issue of first impression before this court.
Jones argues that the immunity granted by § 38-9-9 is qualified by the requirement in § 38-9-8(a) that one making a report have “reasonable cause to believe” that prohibited conduct has occurred and/or a requirement that one making a report be acting in good faith or without bad faith or malicious purpose. Living Centers argues that § 38-9-9 confers absolute immunity from civil and criminal liability to individuals or entities that have a mandatory duty to report abuse and neglect of adults.
Athough no Aabama court has addressed the immunity granted by the APSA our supreme court has examined the immunity granted by the Child Abuse Reporting Act, §§ 26-14-1 through -13, Aa.Code 1975 (“CARA”). In language almost identical to that in § 38-9-9, the CARA provides, at § 26-14-9, as follows:
*1196 “Any person, firm, corporation, or official participating in the making of a report or the removal of a child pursuant to this chapter, or participating in a judicial proceeding resulting therefrom, shall, in so doing, be immune from any liability, civil or criminal, that might otherwise be incurred or imposed.”
In Harris v. City of Montgomery, 435 So.2d 1207 (Ala.1983), our supreme court held that § 26-14-9 conferred absolute immunity upon those responsible for the mandatory reporting of child abuse. Likewise, in Brown v. Pound, 585 So.2d 885 (Ala.1991), the court rejected the plaintiffs argument that § 26-14-9 did not confer absolute immunity.
“The Alabama Child Abuse Reporting Act was passed in 1965 for the purpose of protecting children who may be subjected to abuse or neglect. Section 26-14-3 mandates that certain persons report known or suspected child abuse.... The failure of any of the persons named in the statute to report suspected child abuse subjects them to criminal sanctions. Because it requires that these individuals report child abuse, it also provides immunity to those who report.”
585 So.2d at 886.
Jones argues that Harris and Brown are not controlling here because the CARA and APSA reporting requirements differ. Section 26-14r-3 requires reporting “when such child is known or suspected to be a victim of child abuse or neglect.” Section 38-9-8 requires reporting by those “having reasonable cause to believe that any adult protected under the provisions of this chapter has been subjected to physical abuse, neglect or exploitation.” We do not find the differences between the wording of the two statutes to be significant.
Instead, we find the many similarities between the CARA and the APSA to be persuasive. The APSA was passed for the purpose of protecting adults who may be subjected to abuse, neglect, or exploitation because of age, disability, or other incapacity. In furtherance of that purpose, the APSA mandates that certain persons report the abuse, neglect, or exploitation of protected adults. If any person named in the APSA fails to make the required report, he or she is subjected to criminal sanctions. Finally, because the APSA requires that these persons report the abuse, neglect, and/or exploitation of protected adults, it also provides immunity to those who report. We conclude that the reasoning in Harris and Brown is controlling in this case, and hold that the immunity conferred by § 38-9-9 is absolute.
In ruling on a motion to dismiss a complaint pursuant to Rule 12(b)(6), Ala. R. Civ. P., a court does not consider whether the plaintiff will ultimately prevail, but only whether the plaintiff has stated a claim under which he or she may possibly prevail. Seals v. City of Columbia, 575 So.2d 1061 (Ala.1991). Jones’s complaint does not allege any claims for which § 38-9-9 does not provide immunity; therefore, the trial court properly dismissed her complaint.
Let the judgment be affirmed.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.