NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 210173-U

NO. 4-21-0173

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 8, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| STEPHEN SCHREINER and PAMELA SCHREINER, | ) | Appeal from |
| | ) | Circuit Court of |
| Plaintiffs-Appellants, | ) | Logan County |
| v. | ) | No. 13CH27 |
| THE COUNTY OF LOGAN, a Body Politic and | ) | |
| Corporate, THE LOGAN COUNTY BOARD, | ) | |
| DOUGLAS MUCK, and KAELLYN ARCH, | ) | Honorable |
| Defendants-Appellees. | ) | William A. Yoder, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Presiding Justice Knecht and Justice Cavanagh concurred in the judgment.

**ORDER**

¶ 1  *Held*:  The appellate court affirmed, concluding section 5-12012.1 of the Illinois
Counties Code (55 ILCS 5/5-12012.1 (West 2012)) limited the trial court's review
of the Logan County Board's rezoning decision for (1) arbitrariness as a matter of
constitutional substantive due process under the rational basis test, or (2) a
violation of constitutional procedural due process.

¶ 2  In July 2015, plaintiffs, Stephen Schreiner and Pamela Schreiner, filed a third

amended complaint challenging a decision made by defendant, the County of Logan through the

actions of the Logan County Board (Logan County or Logan County Board). The complaint

challenged Logan County's 2012 decision to rezone property owned by defendants, Douglas

Muck and Kaellyn Arch, from special district (SD) to M-3 to allow extraction of limestone

deposits and related limestone crushing processes. In February 2021, the trial court ruled in

favor of defendants and declared the zoning decision by the Logan County Board valid and enforceable.

¶ 3        Plaintiffs appeal, arguing (1) a nonhome rule county's failure to swear in testifying witnesses in violation of section 5-12018 of the Illinois Counties Code (55 ILCS 5/5-12018 (West 2012)) at a public hearing for a zoning map amendment rendered the resolution to rezone the property void; (2) the resolution rezoning the property was void because the Logan County Zoning Board of Appeals (ZBA) violated sections 5-12018, 5-12014, and 5-12011 of the Illinois Counties Code (55 ILCS 5/5-12018, 5-12014, 5-12011 (West 2012)) and sections 11.22 and 13.3 of the Logan County Zoning Ordinance; (3) section 5-12012.1 of the Illinois Counties Code (55 ILCS 5/5-12012.1 (West 2012)) did not limit the trial court to granting a *de novo* hearing on an alleged violation of constitutional substantive due process under the rational basis test and the factors set forth in *La Salle National Bank of Chicago v. County of Cook*, 12 Ill. 2d 40, 145 N.E.2d 65 (1957); and (4) the affirmative defenses of invited error, waiver, and harmless error cannot save a void zoning resolution and do not bar plaintiffs' claim. For the following reasons, we affirm the trial court's judgment.

¶ 4                          I. BACKGROUND

¶ 5        Defendants own 280 acres of real property in Logan County with parcel identification numbers 11-004-005-00 and 11-005-004-00. Plaintiffs own 90 acres of real property contiguous and adjacent to defendants' property with parcel identification numbers 11-004-007-00 and 11-009-004-50.

¶ 6        In August 2012, defendants applied for rezoning to the Logan County Zoning Office, seeking to rezone their property from SD to M-3. In August 2012, the Logan County zoning officer published notice of a hearing on the zoning change petition before the ZBA. On

September 5, 2012, the Logan County Regional Planning Commission held a public hearing on the rezoning of defendants' property. At the conclusion of the hearing, the Regional Planning Commission voted and approved the application for rezoning. On September 6, 2012, the ZBA held a hearing on the application. At the beginning of the hearing, the chairman indicated the ZBA was there "to hear all the topics," but asked attendees not to repeat concerns in the interest of time. Defendant Muck spoke in favor of the application for rezoning. As defendant Muck concluded his remarks, the following exchange occurred:

"MR. MYERS: I have a question.

CHAIRMAN THOMPSON: Just a minute. Whoa, whoa, whoa. Wait a minute.

MR. MYERS: I thought he was opening it up to questions—

CHAIRMAN THOMPSON: It isn't. No. We are—you're asking us questions and we're—

MR. MYERS: Oh, we don't get to cross-examine the witnesses?

CHAIRMAN THOMPSON: No.

MR. MYERS: Okay. I'm sorry. Other places let you do that. That's okay.

CHAIRMAN THOMPSON: Just a second. We're going to have the board ask questions first. Okay? That's what—we're here to make the decision. All right."

The ZBA members asked questions and received answers from defendant Muck. Rich Ellis, the area manager for Hanson Material Services, also answered questions about the dimensions of buildings and other structures that would be erected on the property. The ZBA heard from several others in support of the application for rezoning. An attorney representing a neighbor not involved in the present litigation noted an issue with the description of the property in the notice of the hearing. The attorney also stated the company listed on the application for rezoning no longer wanted to be listed as the applicant. However, defendants Muck and Arch wanted to proceed as the applicants. The ZBA continued the hearing to September 20, 2012, but no continued hearing was held on that date.

¶ 7        In October 2012, a document entitled "Amended Application for Rezoning Property" was submitted to the Logan County Zoning Office and listed defendants Muck and Arch as the owners and applicants. The ZBA held public hearings on the amended application on November 8, 2012, and November 12, 2012. The parties' limited trial stipulation of facts summarized the ZBA's actions as follows:

> "The [ZBA] declared the hearings on the Amended Application
> completed at the close of the November 12, 2012[,] hearing; but
> the final public meeting to discuss and determine a
> recommendation to the Logan County Board on the rezoning of the
> Subject Property was delayed until December 10, 2012. At that
> meeting only four of the five [ZBA] members were present, and
> upon a motion to recommend approval of the Amended
> Application two members voted in favor and two voted not in
> favor. Subsequently the [ZBA] informed the Logan County Board

- 4 -

that it had no recommendation concerning the proposed rezoning of the Subject Property."

In December 2012, the Logan County Board held public meetings to consider the rezoning of defendants' property. Plaintiffs attended the public meetings. "On December 18, 2012, the Logan County Board passed Resolution LO 12-13 08 which resolved that the petition of Defendants Douglas Muck and Kaellyn Arch to rezone the Subject Property from SD Special District to M-3 Extraction District was approved and amended the Logan County Zoning Ordinance Map to reflect the rezoning of the Subject Property."

¶ 8 The parties' limited trial stipulation also addressed documents including, in part, transcripts from the ZBA public hearings, the application for rezoning, the Regional Planning Commission agenda and minutes for its September 2012 public hearing, the amended application for rezoning, the report the ZBA submitted to the Logan County Board, and the minutes for the public meetings held by the Logan County Board. Before listing the documents, the stipulation stated, "For the limited purpose of trial on the Plaintiffs' alleged procedural violations of the Illinois Counties Code and Logan County Zoning Ordinance and on the Defendants' affirmative defenses, and specifically not for the purpose of trial on substantive due process and/or the issue of *de novo* judicial review as a legislative decision under 55 ILCS 5/5-12012.1, the parties, by their respective counsel, stipulate to the admission into evidence without objection of the following documents."

¶ 9 At a September 2020 bench trial, plaintiffs rested their case on the parties' limited trial stipulation. Defendants called plaintiff Stephen Schreiner as a witness. Stephen testified plaintiffs were present at the Regional Planning Commission meeting and the ZBA public hearings and had the opportunity to make statements.

¶ 10          In February 2021, the trial court entered a written order concluding that the zoning decision by the Logan County Board was subject to *de novo* review as a legislative decision under section 5-12012.1 of the Illinois Counties Code (55 ILCS 5/5-12012.1 (West 2012)), which was limited to a claim of constitutional substantive due process under the rational basis test and the *La Salle* factors. The court further determined that, based on plaintiffs' claims of alleged procedural violations of the Illinois Counties Code and the Logan County zoning ordinance, the zoning decision could only be held void if the plaintiffs prevailed by clear and convincing evidence on a claim for a violation of constitutional substantive due process. The court noted plaintiffs did not allege a violation of constitutional procedural due process and the facts set forth in the first section of the limited trial stipulation were not relevant to the *La Salle* factors. Because plaintiffs introduced no other evidence at the trial, the court concluded plaintiffs offered no evidence in support of a claim for a violation of constitutional substantive due process. Although plaintiffs never specifically raised a claim for a violation of constitutional procedural due process, the court concluded plaintiffs offered no evidence to support a finding that they were denied notice or an opportunity to be heard. The court concluded judgment should be entered in favor of defendants based upon *de novo* judicial review of the zoning decision as a legislative decision and based on the plaintiffs' claim for a violation of constitutional procedural due process. In light of that finding, the court determined defendants' affirmative defenses were moot. The court entered judgment in favor of defendants and declared the zoning decision by the Logan County Board valid and enforceable.

¶ 11          This appeal followed.

¶ 12                              II. ANALYSIS

¶ 13    On appeal, plaintiffs argue (1) a nonhome rule county's failure to swear in testifying witnesses in violation of section 5-12018 of the Illinois Counties Code (55 ILCS 5/5-12018 (West 2012)) at a public hearing for a zoning map amendment rendered the resolution to rezone the property void; (2) the resolution rezoning the property was void because the ZBA violated sections 5-12018, 5-12014, and 5-12011 of the Illinois Counties Code (55 ILCS 5/5-12018, 5-12014, 5-12011 (West 2012)) and sections 11.22 and 13.3 of the Logan County Zoning Ordinance; (3) section 5-12012.1 of the Illinois Counties Code (55 ILCS 5/5-12012.1 (West 2012)) did not limit the trial court to granting a *de novo* hearing on an alleged violation of constitutional substantive due process under the rational basis test and the factors set forth in *La Salle*, 12 Ill. 2d 40; and (4) the affirmative defenses of invited error, waiver, and harmless error cannot save a void zoning resolution and do not bar plaintiffs' claim.  In part, defendants contend that section 12012.1 of the Illinois Counties Code (55 ILCS 5/5-12012.1 (West 2012)) limits judicial review of a zoning decision to constitutional substantive or procedural due process claims and plaintiffs failed to assert such a claim.  Because we find this issue dispositive, we begin by providing some background on the legal principles involved and then address section 5-12012.1 of the Illinois Counties Code.

¶ 14    "[T]here is 'a recognized distinction in administrative law between proceedings for the purpose of promulgating policy-type rules or standards, on the one hand, and proceedings designed to adjudicate disputed facts in particular cases on the other.' " *American Federation of State, County & Municipal Employees v. Department of Central Management Services*, 288 Ill. App. 3d 701, 711, 681 N.E.2d 998, 1004-05 (1997) (*AFSCME*) (quoting *United States v. Florida East Coast Ry. Co.*, 410 U.S. 224, 245 (1973)).  "Administrative decisions, also called quasi-judicial decisions, 'concern agency decisions that affect a small number of persons on

individual grounds based on a particular set of disputed facts that were adjudicated.' " *Millineum Maintenance Management, Inc. v. County of Lake*, 384 Ill. App. 3d 638, 641, 894 N.E.2d 845, 851 (2008) (quoting *AFSCME*, 288 Ill. App. 3d at 711)). Conversely, " 'quasi-legislative actions involve general facts affecting everyone.' " *Id.* (quoting *AFSCME*, 288 Ill. App. 3d at 711).

¶ 15        "When a legislative body acts administratively in ruling on a permit application, its decision is subject to general principles of administrative review." *City of Chicago Heights v. Living Word Outreach Full Gospel Church and Ministries, Inc.*, 196 Ill. 2d 1, 13, 749 N.E.2d 916, 925 (2001). The "principles of administrative review" include the procedures set forth in the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2012)). Under the Administrative Review Law, the trial court's review of an administrative decision extends "to all questions of law and fact presented by the entire record before the court. No new or additional evidence in support of or in opposition to any finding, order, determination[,] or decision of the administrative agency shall be heard by the court." 735 ILCS 5/3-110 (West 2012). "A trial court may reverse the administrative decision only where: (1) it determines that the agency's findings of fact were against the manifest weight of the evidence [(citation)]; (2) it determines, based on *de novo* review, that the agency made a mistake of law [(citation)]; or (3) it determines that the agency's application of the facts to the law the agency is charged with administering was clearly erroneous [(citation)]." *Millineum*, 384 Ill. App. 3d at 642.

¶ 16        In contrast, when a legislative body acts in a legislative capacity, its decision is not subject to the Administrative Review Law. *Id.*; see also *Hawthorne v. Village of Olympia Fields*, 204 Ill. 2d 243, 253, 790 N.E.2d 832, 839 (2003) ("The Administrative Review Law does not apply to the legislative acts of legislative bodies."). "Instead, the legislative body's decision is reviewed for arbitrariness as a matter of substantive due process under the six-part test set

forth in *La Salle*." *Living Word*, 196 Ill. 2d at 14. "When legislation does not affect a fundamental constitutional right, the test for determining whether it complies with substantive due process requirements is the rational basis test, which asks 'whether the legislation represents a rational means to accomplish a proper purpose.' " *Millineum*, 384 Ill. App. 3d at 642-43 (quoting *Messenger v. Edgar*, 157 Ill. 2d 162, 176, 623 N.E.2d 310, 316 (1993)). In considering a substantive due process challenge, the trial court may hear additional evidence in support of or in opposition to the decision made by the administrative agency. *Id.*

¶ 17        Different forms of judicial review govern administrative and legislative decisions and the question of whether a particular zoning decision should be considered administrative or legislative has been contested in several cases. *Id.* In *People ex rel. Klaeren v. Village of Lisle*, 202 Ill. 2d 164, 183, 781 N.E.2d 223, 234 (2002), the Illinois Supreme Court held that "municipal bodies act in administrative or quasi-judicial capacities when those bodies conduct zoning hearings concerning a special use petition." The supreme court explained that, in zoning hearings dealing with special use applications, "[t]he municipal body acts in a fact-finding capacity to decide disputed adjudicative facts based upon evidence adduced at the hearing and ultimately determines the relative rights of the interested parties." *Id.* In *Gallik v. County of Lake*, 335 Ill. App. 3d 325, 330-31, 781 N.E.2d 522, 526 (2002), the appellate court extended the rule from *Klaeren*, holding that a county (as opposed to municipal) decision on a special use permit was an administrative decision subject to administrative review.

¶ 18        After the decision in *Klaeren* and *Gallik*, the legislature enacted Public Act 94-1027 (Pub. Act 94-1027, eff. July 14, 2006), which added section 5-12012.1 to the Illinois Counties Code (55 ILCS 5/5-12012.1 (West 2012)). Section 5-12012.1 now provides as follows:

- 9 -

"(a) Any decision by the county board of any county, home rule or non-home rule, in regard to any petition or application for a special use, variance, rezoning, or other amendment to a zoning ordinance shall be subject to *de novo* judicial review as a legislative decision, regardless of whether the process in relation thereto is considered administrative for other purposes. Any action seeking the judicial review of such a decision shall be commenced not later than 90 days after the date of the decision.

(b) The principles of substantive and procedural due process apply at all stages of the decision-making and review of all zoning decisions." 55 ILCS 5/5-12012.1 (West 2012).

Originally, section 5-12012.1 began, "Any special use, variance, rezoning, or other amendment to a zoning ordinance adopted by the county board of any county, home rule or non-home rule, shall be subject to *de novo* judicial review as a legislative decision." 55 ILCS 5/5-12012.1 (West 2006). The Second District held the original language of section 5-12012.1 applied only when a board adopted a special use and not when it denied one. *Millineum*, 384 Ill. App. 3d at 648. The legislature's subsequent amendment providing that "[a]ny decision by the county board of any county, home rule or non-home rule, in regard to any petition or application for a special use, variance, rezoning, or other amendment to a zoning ordinance shall be subject to *de novo* judicial review as a legislative decision" indicates the legislature intended to limit review of zoning decisions for arbitrariness as a matter of constitutional substantive due process under the rational basis test and the *La Salle* factors. *Conaghan v. City of Harvard*, 2016 IL App (2d) 151034, ¶ 53, 60 N.E.3d 987 ("Even with the addition of *de novo* review, the intent of section 5-12012.1

- 10 -

was to narrow the range of judicial inquiries into municipal zoning decisions."); *Millineum*, 384 Ill. App. 3d at 652-53.

¶ 19  Based on our review of the relevant law, we conclude judicial review of the Logan County Board's zoning decision is limited to arbitrariness as a matter of constitutional substantive due process under the rational basis test and the *La Salle* factors or a violation of constitutional procedural due process. *Conaghan*, 2016 IL App (2d) 151034, ¶ 53. To apply the rational basis test in the zoning context, the supreme court set forth the following factors: (1) the existing uses and zoning of nearby property; (2) the extent to which property values are diminished by the particular zoning restrictions; (3) the extent to which the destruction of property values of plaintiff promotes the health, safety, morals, or general welfare of the public; (4) the relative gain to the public as compared to the hardship imposed upon the individual property owner; (5) the suitability of the subject property for the zoned purposes; and (6) the length of time the property has been vacant as zoned considered in the context of land development in the area in the vicinity of the subject property. *La Salle*, 12 Ill. 2d at 46-47. Additional factors include: "(7) whether there exists a comprehensive zoning plan; (8) whether the challenged ordinance is in harmony with the comprehensive zoning plan (if it exists); and (9) whether the community needs the use." *Napleton v. Village of Hinsdale*, 374 Ill. App. 3d 1098, 1106, 872 N.E.2d 23, 31 (2007).

¶ 20  Here, the trial court properly concluded that the zoning decision by the Logan County Board was subject to *de novo* review as a legislative decision under section 5-12012.1 of the Illinois Counties Code, which was limited to a claim of constitutional substantive due process under the rational basis test and the *La Salle* factors. Based on plaintiffs' claims of alleged procedural violations of the Illinois Counties Code and the Logan County zoning ordinance, the

Logan County Board's zoning decision could only be held void if plaintiffs demonstrated by clear and convincing evidence a violation of constitutional substantive due process. The facts set forth in the first section of the limited trial stipulation were not relevant to the *La Salle* factors and the documents the parties' stipulated to were specifically not offered "for the purpose of trial on substantive due process and/or the issue of *de novo* judicial review as a legislative decision under section 5-12012.1." Because plaintiffs introduced no other evidence at the trial, the court properly concluded plaintiffs offered no evidence in support of a claim for a violation of constitutional substantive due process. We agree with the trial court that plaintiffs failed to demonstrate by clear and convincing evidence that the Logan County Board's zoning decision was a violation of substantive due process because it was arbitrary under the rational basis test and the *La Salle* factors.

¶ 21    The trial court further concluded plaintiffs offered no evidence to support a finding that they were denied notice or an opportunity to be heard. We agree that, to the extent that plaintiffs raised a violation of procedural due process, plaintiffs failed to demonstrate such a violation by clear and convincing evidence. Plaintiffs offered no evidence at trial to support a finding that they were denied notice or an opportunity to be heard. The documentary evidence included in the limited trial stipulation cannot be used by plaintiffs to support a claim for a violation of procedural due process. Moreover, plaintiffs stipulated they attended all relevant public hearings and meetings related to the rezoning application. Finally, at trial defendants called plaintiff Stephen Schreiner, who testified plaintiffs were present at the Regional Planning Commission meeting and the ZBA public hearings and had the opportunity to make statements, which supports a finding that plaintiffs had notice and the opportunity to be heard.

¶ 22       Because we conclude that judicial review of the Logan County Board's zoning decision is limited to arbitrariness as a matter of constitutional substantive due process under the rational basis test and the *La Salle* factors or a violation of constitutional procedural due process, we decline to address plaintiffs' claims regarding alleged violations of the Illinois Counties Code or the Logan County zoning ordinance by the ZBA. *Conaghan*, 2016 IL App (2d) 151034, ¶ 53. Plaintiffs do not argue these alleged violations of the Illinois Counties Code or the Logan County zoning ordinance deprived them of substantive or procedural due process. Accordingly, those claims are not within the scope of judicial review available to them. Moreover, plaintiffs do not challenge the ultimate decision of the Logan County Board to allow the rezoning of defendants' property. Instead, they argue the alleged violations by the ZBA rendered the rezoning void, but the ZBA ultimately made no recommendation to the Logan County Board and the Logan County Board granted the rezoning request. See *Schroeder v. Winnebago County*, 58 Ill. App. 3d 207, 209, 374 N.E.2d 24, 25-26 (1978) (The issuance of a special use permit by the Board of Supervisors was valid where the Zoning Board of Appeals made improper findings of fact but did not have ultimate authority to grant or deny the request for a special use permit.).

¶ 23       As discussed above, we conclude the trial court properly determined that review of the Logan County Board's zoning decision in this case was limited to arbitrariness as a matter of constitutional substantive due process under the rational basis test and the *La Salle* factors or a violation of constitutional procedural due process and plaintiffs failed to establish by clear and convincing evidence a violation of substantive or procedural due process. This finding renders defendants' affirmative defenses moot. Accordingly, we affirm the judgment of the trial court.

¶ 24                                III. CONCLUSION

¶ 25       For the reasons stated, we affirm the trial court's judgment.

¶ 26        Affirmed.