WILLIAM P. GALLIK *et al.*, Plaintiffs-Appellants, v. THE COUNTY OF LAKE *et al.*, Defendants-Appellees (The Township of Cuba *et al.*, Defendants).

Second District   No. 2—01—1387

Opinion filed November 22, 2002.—Rehearing denied January 3, 2003.

Paul C. Pinderski and Jerome W. Pinderski, Jr., both of Pinderski & Pinderski, Ltd., of Palatine, for appellants.

Michael J. Waller, State's Attorney, of Waukegan (Lisle A. Staler, Assistant State's Attorney, of counsel), for appellees.

JUSTICE O'MALLEY delivered the opinion of the court:

Plaintiffs, William P. Gallik and Christine E. Martin-Gallik, own real estate in an unincorporated portion of Lake County. Plaintiffs wished to construct a single-family residence on their land. Owing to the fact that their land is partially located in a floodplain, in order to construct their home, plaintiffs were required to obtain a conditional use permit from defendant Lake County (County) so that they could fill in the floodplain. None of the agencies charged with overseeing such matters (Army Corps of Engineers, Lake County Stormwater Management Agency, Lake County Health Department, Lake County Planning and Development Department) voiced any objections to plaintiffs' plan to fill in the floodplain portion of their property and construct their residence.

As part of the approval process, plaintiffs were required to submit their application for a conditional use permit to the Lake County zoning board of appeals. After a hearing on plaintiffs' application, the zoning board of appeals recommended that it be denied. Plaintiffs' application made its way to the Lake County board for final action, and the board denied it.

On July 16, 2001, plaintiffs filed an eight-count complaint against the County, challenging the Lake County board's denial of their

conditional use permit. Count I of the complaint sought administrative review (see 735 ILCS 5/3—101 *et seq.* (West 2000)) of the Lake County board's denial of plaintiffs' application for a conditional use permit. The County filed a motion to dismiss and, after briefing, the trial court granted the County's motion and dismissed count I of the complaint. Pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308), the trial court certified a question for appellate review and plaintiffs requested leave to appeal the certified question. This court denied plaintiffs' application for leave to appeal. On April 3, 2002, our supreme court entered a supervisory order directing this court to consider plaintiffs' certified question.

The certified question we are called upon to answer is:

"Whether the Illinois Administrative Review Act, 735 ILCS § 5/3—101 et seq., is applicable for judicial review of County of Lake's denial of Plaintiff's [*sic*] conditional use application in this case, or whether the dismissal of Count I of the Complaint is warranted because the denial of a conditional use permit is a legislative action of the County Board so a declaratory judgment action is the appropriate avenue of review."

■ The supreme court discussed this issue recently in *City of Chicago Heights v. Living Word Outreach Full Gospel Church & Ministries, Inc.*, 196 Ill. 2d 1 (2002). There, the court noted that the weight of authority throughout the country suggests that a legislative body acts administratively when it rules on an application for a special use permit. *Living Word*, 196 Ill. 2d at 14. The court also noted, however, that Illinois had repeatedly viewed such a decision to be a legislative act rather than an administrative act (*Living Word*, 196 Ill. 2d at 14), although some of those decisions had been criticized (*Living Word*, 196 Ill. 2d at 15). The characterization of the type of act undertaken by the legislative body controls the type of review to which that act is subject. If it is an administrative act, it will be subject to administrative review pursuant to the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 2000)); if it is a legislative act, it is not subject to administrative review, but the action will be reviewed for arbitrariness as a matter of substantive due process. *Living Word*, 196 Ill. 2d at 14. Having set the stage, the court decided that *Living Word* did not present the issue squarely and left the issue unresolved, necessarily, therefore, leaving intact the line of cases holding that a ruling on a conditional use permit by a county or municipality is a legislative act. *Living Word*, 196 Ill. 2d at 16.

■ Very recently (and after the parties briefed this case), the supreme court addressed this issue in *People ex rel. Klaeren v. Village of Lisle*, 202 Ill. 2d 164 (2002). There the supreme court resolved the

issue it had left open in *Living Word*, holding that "municipal bodies act in administrative or quasi-judicial capacities when those bodies conduct zoning hearings concerning a special use petition. *** To the extent any prior decisions of this court hold the contrary to be true, we now expressly overrule those decisions." *Klaeren*, 202 Ill. 2d at 183.

The supreme court would appear to have answered the certified question. The only remaining issue we can see is whether that answer, which has been supplied only in cases involving the Illinois Municipal Code (65 ILCS 5/1—1—1 *et seq.* (West 2000)), also applies to the Counties Code (55 ILCS 5/1—1001 *et seq.* (West 2000)).

Counties have long had the power to grant special uses. In *Kotrich v. County of Du Page*, 19 Ill. 2d 181 (1960), the court held that the granting of special use permits was within a county's general zoning power. Chief Justice House dissented because there was no specific statutory authorization regarding special uses and no standards pertaining to the granting of special uses had been promulgated. *Kotrich*, 19 Ill. 2d at 189-90 (House, C.J., dissenting).

Chief Justice House's concerns were reiterated and expanded in *Ward v. Village of Skokie*, 26 Ill. 2d 415 (1962). There, Justice Klingbiel stated, in his special concurrence:

"It is not a part of the legislative function to grant permits, make special exceptions, or decide particular cases. Such activities are not legislative but administrative, quasi-judicial, or judicial in character. To place them in the hands of legislative bodies, whose acts as such are not judicially reviewable, is to open the door completely to arbitrary government. I need not dwell at length on the obvious opportunity this affords for special privilege, for the granting of favors to political friends or financial benefactors, for the withholding of permits from those not in the good graces of the authorities, and so on. The rule is familiar enough that courts may not inquire into the motives or reasons on which the legislative body acted. [Citation.]

It is because of this immunity from review that legislative bodies must confine themselves to the prescribing of general rules. If they may undertake to confer upon themselves authority to decide what in fact amount to individual or particular cases, the foundations of our legal system will fast disappear.

*** Legislation is essentially prohibitory, operating by laying down general rules. It does not consist in the *permitting* of conduct or the granting of individual relief. Legislative bodies are not equipped, except in a very broad and general way, to ascertain factual questions which depend upon evidence of individual circumstances. Their function is not to grant permits but to say

what facts and conditions should warrant the granting of permits. [Citation.]

What is an application for special permit but a particular case? The granting or refusal of the permit does not lay down a rule or prescribe any conditions. It is simply a decision on a concrete set of facts, affecting the property of particular parties only. It is the nature of the proceeding, not the identity of the body assuming to act in the matter, which should determine the necessity for standards. Otherwise basic constitutional protections can readily be circumvented by the simple expedient of placing quasi-judicial functions in a legislative body." (Emphasis in original.) *Ward*, 26 Ill. 2d at 424-25 (Klingbiel, J., specially concurring).

Responding to the concerns raised by Justices House and Klingbiel, the legislature amended the Municipal Code in 1967 and 1969 to include provisions applying specifically to special uses and requiring factual findings to be promulgated regarding the decision on the special use. See 65 ILCS 5/11—13—1.1, 11—13—11 (West 2000). This court held that the legislative amendment revealed that the legislature intended to divest the municipal board of the fact-finding process. *Geneva Residential Ass'n v. City of Geneva*, 77 Ill. App. 3d 744, 754 (1979). Because the local legislative body was no longer involved in determining the facts of the specific case requesting a special use, the amendments to the Municipal Code effectively rendered the special use process an administrative process. See *Living Word*, 196 Ill. 2d at 15.

In 1998, the Counties Code also was amended to include a parallel provision regarding the special use process. See 55 ILCS 5/5—12009.5 (West 2000). As the Counties Code now parallels the Municipal Code in requiring fact-finding by an entity other than the county board and specifying the process of applying for a special use, it follows that the reasoning of *Geneva Residential Ass'n* now also applies to a special use decision made by a county board. *Clark v. Han*, 272 Ill. App. 3d 981, 989 (1995) (legislature knows state of law when enacting an amendment to a statute).

■ We therefore determine, based on the supreme court's express holding, the legislative intent in amending the Counties Code and the Municipal Code, and the general weight of authority regarding whether the granting of a special use constitutes an administrative act, that the County in this case, by denying plaintiffs' application for a conditional use, performed an administrative act subject to administrative review.

Turning to the County's specific contentions, we acknowledge that the courts of Illinois have repeatedly held that action taken by a local

legislative body is a legislative action. The County cites first to *Kotrich*, 19 Ill. 2d 181. *Kotrich*, however, is no longer a correct statement of the law in light of *Klaeren*. The County also cites to *Peterson v. City of Highland Park*, 153 Ill. App. 3d 826 (1987), *Knor v. County of Madison*, 151 Ill. App. 3d 767 (1986), *Yusuf v. Village of Villa Park*, 120 Ill. App. 3d 533 (1983), *Flowers v. Village of Indian Creek*, 22 Ill. App. 3d 6 (1974), and *Artz v. Commercial National Bank of Peoria*, 125 Ill. App. 2d 86 (1970). Those cases are also overruled by *Klaeren*. To the extent that they present questions solely under the Counties Code, we also note that they fail to perform any analysis regarding the effect of the amendments to the Counties Code in light of those to the Municipal Code. Rather, without considering this issue, these cases merely presume such action to be legislative and not susceptible to administrative review. As a result of their lack of analysis, we also find these cases not to be controlling here.

We also note that this court recently passed upon the issue of whether the grant of a special use permit was a legislative act. In *Oak Grove Jubilee Center, Inc. v. City of Genoa*, 331 Ill. App. 3d 102, 107 (2002), this court considered the long-standing rule that a local legislative body's action on a special use application constituted a legislative action. The defendant in that case urged this court to find that *Living Word* represented a change in position by the supreme court. This court analyzed the *Living Word* case and determined that the supreme court *dicta* did not effect a change in the established case law. This court therefore held that, because *Living Word* "expressly left the traditional rule intact, *** we [were] bound to follow it." *Oak Grove*, 331 Ill. App. 3d at 108. *Klaeren* also resolves any inconsistency with *Oak Grove* that our holding here may have by overruling *Oak Grove* to the extent it conflicts with *Klaeren*.

The County argues that section 1—6007 of the Counties Code (55 ILCS 5/1—6007 (West 2000)) does not support our conclusion that the grant or denial of a conditional use permit is an administrative act subject to administrative review. The County argues that in the approximately 20 years section 1—6007 has been part of the Counties Code, it has not been applied to the judicial review of a conditional use permit. While we agree that the County has made a factually accurate statement, we find its reasoning to be flawed. The fact that section 1—6007 previously has not been given its proper force and effect does not mean that it cannot be when the proper circumstances arise. After all, our purpose in construing a statute is to give full effect to the intent of the legislature and to make sure that all parts of a statute are given full effect and not ignored. *In re Application of County Treasurer*, 305 Ill. App. 3d 995, 999 (1999). Here, mindful of our duty

to give effect to section 1—6007, we find that it supports our conclusion that the grant or denial of a special use permit is an administrative action because it requires that the decisions of a county board be subject to administrative review. This conclusion is particularly appropriate where, as here, the county board action is administrative or quasi-judicial. See *Klaeren*, 202 Ill. 2d at 183. We therefore reject the County's argument.

The County also contends that section 11—13—11 of the Municipal Code (65 ILCS 5/11—13—11 (West 2000)) requires factual findings to be made while section 5—12009.5 of the Counties Code (55 ILCS 5/5—12009.5 (West 2000)) does not. Specifically, the Municipal Code requires that "[e]very variation or special use, whether made by the board of appeals directly, or by an ordinance after a hearing before the board of appeals, shall be accompanied by findings of facts." 65 ILCS 5/11—13—11 (West 2000). The County argues that the Counties Code does not require a finding of fact to accompany the final decision. We disagree. The Counties Code provides:

> "The board of appeals shall report to the county board a finding of fact and a recommendation as to whether the county board should deny, grant, or grant subject to conditions the special use. The county board may, by ordinance and without a further public hearing, adopt any proposed special use on receiving the report." 55 ILCS 5/5—12009.5(d) (West 2000).

When the county board adopts the report, it necessarily adopts the findings of fact transmitted by the board of appeals. Therefore, both the Counties Code and the Municipal Code mandate that findings of fact be made to resolve the particular special use case. As a result, the reasoning in *Geneva Residential Ass'n* also fully applies to the Counties Code. The County's argument is unpersuasive.

The County next argues that section 5—12009.5 of the Counties Code (55 ILCS 5/5—12009.5 (West 2000)) is more specific than either section 5—12012 of the Counties Code (55 ILCS 5/5—12012 (West 2000)) (which does not apply to a county board) or the Administrative Review Law. The County's argument fails, however, because it overlooks the application of section 1—6007 of the Counties Code (55 ILCS 5/1—6007 (West 2000)), which renders decisions by the county board, such as whether to grant or deny a special use permit, reviewable under the Administrative Review Law.

The County last argues that this ruling should be prospective in its application. However, the County makes this argument in an attempt to avoid the effect of any adverse outcome. The County argues that the rule announced in this case should not actually be applied in this case. Instead, although we determine that the County has

undertaken an administrative act subject to administrative review, we should nevertheless foreclose plaintiffs from pursuing such administrative review in this case. We disagree.

The County's argument misconceives the meaning of prospective application of the rule of the case. Prospective application means that, on the date of filing, the new rule will affect pending cases and all cases brought after the date of filing. In addition, the parties to the subject case will also be affected by the new rule. See *Darling v. Charleston Community Memorial Hospital*, 33 Ill. 2d 326, 337-38 (1965). The prospective application of our rule in this case will not, therefore, exempt the County from its operation. We do not address whether this case can be applied only prospectively because the County did not properly present the argument for our consideration.

For the foregoing reasons, we answer the certified question as follows: the denial of a conditional use permit by the county board of Lake County is an administrative action and is subject to administrative review under the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 2000)), and the dismissal of count I of plaintiffs' complaint is not warranted.

Certified question answered.

GROMETER and BYRNE, JJ., concur.