FIRST DIVISION
Filed: 09/24/07

Nos. 1-06-1000 & 1-06-2442 Consolidated

| | | |
|---|---|---|
| CHICAGO TITLE LAND TRUST COMPANY, | ) | Appeal from the |
| as Trustee under Land Trust No. 896-3638, | ) | Circuit Court of |
| dated April 12, 1996, and | ) | Cook County. |
| CURIELLI BROS., an Illinois General Partnership, | ) | |
| | ) | |
| Petitioners-Appellants, | ) | |
| | ) | |
| v. | ) | No. 05 CH 20916 |
| | ) | |
| THE BOARD OF TRUSTEES OF THE VILLAGE OF | ) | |
| BARRINGTON, Cook and Lake Counties, Illinois, | ) | |
| a Municipal Corporation, | ) | Honorable |
| | ) | Sophia H. Hall, |
| Respondent-Appellee. | ) | Judge Presiding. |

| | | |
|---|---|---|
| CHICAGO TITLE LAND TRUST COMPANY, | ) | Appeal from the |
| as Trustee under Land Trust No. 896-3638, | ) | Circuit Court of |
| dated April 12, 1996, and | ) | Cook County. |
| CURIELLI BROS., an Illinois General Partnership, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | No. 05 CH 11273 |
| | ) | |
| 126 NORTHWEST HIGHWAY PARTNERS, | ) | |
| L.L.C., an Illinois Limited Liability Company; | ) | |
| GK DEVELOPMENT, INC., and BARRINGTON | ) | |
| BANK and TRUST COMPANY, N.A., and THE | ) | |
| VILLAGE OF BARRINGTON, Cook and Lake | ) | |
| Counties, Illinois, an Illinois Municipal Corporation, | ) | Honorable |
| | ) | Sophia H. Hall, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE ROBERT E. GORDON delivered the opinion of the court:

At issue in this lawsuit is plaintiffs' access to a parking space. Plaintiffs and their guests

will no longer be able to drive from the street to the handicapped parking space at the front of

their property if a retail shopping center is built as planned on an adjacent property. The plans for the shopping center include construction of a wall between plaintiffs' parking space and the nearest curb cut to the street.

Plaintiff Chicago Title Land Trust Company (Chicago Title) is the trustee of a land trust that holds legal title to the property located at 126 South Northwest Highway, Barrington, Illinois (the Curielli property), and plaintiff Curielli Brothers is an Illinois general partnership that is the sole beneficiary of the trust. The parking space at issue is on the Curielli property.

Defendant 120 Northwest Highway Partners L.L.C. (Northwest Partners) is an Illinois limited liability company that owns adjacent property at 120-122 Northwest Highway (the Northwest property). Defendant GK Development, Inc. (GK), is the developer of the Northwest property. Defendant Barrington Bank and Trust Company recorded the mortgage for the Northwest property and has never filed pleadings in this litigation. Defendant Village of Barrington, a municipal corporation, passed a special use ordinance that permitted the development of a retail shopping center on the Northwest property, thus eliminating street access to the parking space on the Curielli property.

Plaintiffs filed two suits: a complaint against Northwest, GK, Barrington Bank and the Village of Barrington (Curielli I); and a petition for writ of certiorari against the board of trustees of the Village of Barrington only (Curielli II). The circuit court dismissed Curielli II on March 8, 2006, and counts II and III of Curielli I on September 29, 2005, for plaintiffs' failure to seek review of the special use ordinance pursuant to the Administrative Review Law (735 ILCS 5/3-101 et seq. (West 2006)). Thus, the only question for our review on appeal concerns the

2

application of the Administrative Review Law to the special use ordinance passed by the Village of Barrington. For the following reasons, we reverse.

BACKGROUND

On June 6, 2005, the board of trustees of the Village of Barrington passed an ordinance that granted a special use for the construction of a retail shopping center on property adjacent to plaintiffs' property. On June 15, 2005 the village provided a copy of the ordinance to plaintiffs pursuant to a Freedom of Information Act (5 ILCS 140/1 et seq. (West 2006)) request.

On July 6, 2005, plaintiffs filed the complaint in Curielli I, which had four counts. Count I is a declaratory action for a prescriptive easement that is still pending. Counts II and III were dismissed and are the subject of this appeal. Count II sought enforcement of the village's zoning ordinance, and count III requested a declaratory judgment to declare the special use ordinance invalid and to enjoin the issuance of building permits. Count IV, which was dismissed without prejudice, was "a declaratory judgment action to establish that Curielli Bros. fully complied with Building Permit B03-0320." Counts I and IV are not at issue in this appeal.

Plaintiff Chicago Title holds legal title to the Curielli property, where John Peter Curielli operates a law practice. The Northwest property, located at 120-122 South Northwest Highway, consists of two former business locations: a gas station, at lot 120; and a medical practice at lot 122. The Northwest property is adjacent on the northern boundary to the Curelli property. Northwest Partners purchased the gas station property on January 9, 2004, and the medical office property from Dr. John Thomas on September 29, 2004, thereby acquiring title to the entire property for the proposed shopping center.

The prior owner of the Curielli property was Elizabeth Snell, who operated a real estate brokerage business at that location from the early 1960s until she sold the property to the Curielli Brothers in 1996. When Northwest Highway was widened in the 1960s, the asphalt in front of Snell's business was removed and a curb cut was installed by the Illinois Department of Transportation, thereby eliminating direct access to parking spaces that had previously existed in front of Snell's business. After the widening, only two parking spaces remained in front, and access was gained by driving over the Northwest property owned by Dr. Thomas at that time. Plaintiffs admitted in their complaint that several weeks after they purchased the property from Snell, Dr. Thomas informed them orally that he objected to their driving over his property.

On October 9, 2003, plaintiff Curielli Brothers received a building permit to construct a parking space and sidewalk in front of their building. Access to this parking space required driving over the Northwest property. The cost of construction was $20,075.

The prescriptive easement claimed by plaintiffs over the Northwest property consists of a rectangular area 23 feet north of the boundary line between the Curelli and Northwest properties and 38 feet west of the curb cut north of the boundary line between the Curelli and Northwest properties.

The proposed development plan for the Northwest property will destroy the prescriptive easement claimed by plaintiffs by: the construction of a wall on the boundary line between the two properties; moving the curb cut north of its present location, and placing vegetation in the middle of the claimed easement.

4

The ordinance at issue granted both special uses and variances. [1] The ordinance granted three variances from existing zoning regulations: (1) an exception from the "front yard build-to setback of fifteen feet *** otherwise required by the Zoning Ordinance" to permit "the proposed building to be constructed having a front yard build-to setback of fifty-four feet"; (2) "an exception to place wall signs above the maximum height"; and (3) "a parking exception to reduce the required number of parking spaces on the site." However, none of the three variances are the target of plaintiffs' complaint. Plaintiffs complained only about the construction of a wall, the movement of the curb cut and the placement of vegetation. The village's actions at issue in this suit are special uses, as noted.

---

[1]There are typically three mechanisms for accommodating circumstances not specifically covered by the existing zoning scheme: a special use permit; a zoning variance; and a zoning amendment. County of Cook v. Monat, 365 Ill. App. 3d 167, 174 (2006). A special use is " 'a type of property use that is expressly permitted within a zoning district by the controlling zoning ordinance so long as the use meets certain criteria or conditions. [Citation.]' " Monat, 365 Ill. App. 3d at 174. A variance is "authority extended to a property owner to use his property in a manner forbidden by the zoning enactment and which is usually based on a showing of hardship." Monat, 365 Ill. App. 3d at 174-75. A zoning amendment "changes or alters the original ordinance or some of its provisions." Monat, 365 Ill. App. 3d at 175.

Nos. 1-06-1000 & 1-06-2442 Consol.

On August 15, 2005, Northwest Partners, GK and Village of Barrington moved to dismiss counts II and III of Curielli I on the ground that plaintiffs failed to object to the special use ordinance pursuant to the Administrative Review Law. On September 29, 2005, the trial court entered an order that dismissed counts II and III with prejudice and permitted count IV to be withdrawn without prejudice.

On November 22, 2005, the trial court denied plaintiffs' motion to reconsider its September 29 order. During oral argument before the trial court on November 22, plaintiffs claimed in response to defendants' motion to dismiss that plaintiffs should be allowed to amend their complaint to add a count for a writ of certiorari. Plaintiffs' counsel claimed that since the Village of Barrington had never adopted the Administrative Review Law, administrative review "was not an option that [his] clients ever had" and that the six-month statute of limitation for filing a petition for writ of certiorari would expire on December 6, 2005.

On December 6, 2005, plaintiffs filed their second suit (hereinafter Curielli II) for a writ of certiorari against the board of trustees of the Village of Barrington only. On March 8, 2006, the trial court granted defendant's motion to dismiss Curielli II with prejudice. On April 7, 2006, plaintiffs filed a notice of appeal in Curielli II. On August 29, 2006, plaintiffs filed a notice of interlocutory appeal to this court for Curielli I, which also sought consolidation of the appeals for both cases. The cases were consolidated, and this appeal followed

ANALYSIS

Defendants moved to dismiss Curielli I pursuant to both sections 2-615 and 2-619 of the Illinois Code of Civil Procedure, and Curielli II pursuant to section 2-619 (735 ILCS 5/2-615, 2-

6

619 (West 2006)).  "Under either section, our standard of review is de novo."  Solaia Technology v. Specialty Publishing Co., 221 Ill. 2d 558, 579 (2006).  As to statutory construction of the Administrative Review Law, defendants raise a question of law and therefore our review is also de novo.  Allen v. Lin, 356 Ill. App. 3d 405, 411 (2005).

The trial court's dismissal was based solely on the plaintiffs' failure to seek review pursuant to the Administrative Review Law.  Plaintiffs claimed that the Administrative Review Law did not apply, that a petition for a writ of certiorari was the appropriate vehicle for seeking review of the special use ordinance and that the trial court abused its discretion in refusing to allow plaintiffs to amend their complaint to add a count for a petition for writ of certiorari.

Administrative Review Law Did Not Apply

Defendants claim that a special use permit was an administrative act and therefore the Administrative Review Law applies.  Defendants are correct in that a special use permit is an administrative act.  People ex rel. Klaeren v. Village of Lisle, 202 Ill. 2d 164, 182-83 (2002); Gallik v. County of Lake, 335 Ill. App. 3d 325, 329 (2002).  The problem with defendants' theory is that the Administrative Review Law does not apply to all administrative acts.

The Administrative Review Law provides that it applies only to those decisions of an administrative agency "where the Act creating or conferring power on such agency, by express reference, adopts the provisions" of the Administrative Review Law or its predecessor.  735 ILCS 5/3-102 (West 2006));  Dubin v. Personnel Board of The City of Chicago, 128 Ill. 2d 490, 497 (1989) (Administrative Review Law applies "[i]f the statute creating or conferring power on an administrative agency expressly adopts" it).  In the case at bar, the act "conferring power" on

7

Nos. 1-06-1000 & 1-06-2442 Consol.

the Village of Barrington is the Illinois Municipal Code (65 ILCS 5//11-13-1 et seq. (West 2006)), and that code does not "expressly adopt" the Administrative Review Law for decisions of boards of trustees.

Division 13 of the Illinois Municipal Code governs zoning for Illinois municipalities. (65 ILCS 5/11-13-1 et seq. (West 2006)). Section 13 of Division 13 provides that the Administrative Review Law applies only to "decisions of the board of appeals." 65 IlCS 5/11-13-13 (West 2006). The action at issue in the case at bar was not a decision of Barrington's zoning board of appeals, but, rather, an ordinance passed by its board of trustees. Thus, by the express terms of the Illinois Municipal Code, the Administrative Review Law did not apply. Hawthorne v. Village of Olympia Fields, 204 Ill. 2d 243, 253-54 (2003) (since zoning action was taken by village's board of trustees rather than its zoning board of appeals, it was not subject to the Administrative Review Law).

This court has stated that "when the act conferring power on the agency does not expressly adopt the Administrative Review Law, " a plaintiff seeking review of an administrative act may file a petition for writ of certiorari. Lapp v. Village of Winnetka, 359 Ill. App. 3d 152, 166 (2005). Thus, following the dictates of our decision in Lapp, a petition for writ of certiorari was the correct vehicle for review

The ordinance in Lapp was similar to the ordinance in the case at bar. Like the ordinance in Lapp, the ordinance at issue here granted a special use permit as well as zoning variances. Lapp, 359 Ill. App. 3d at 155. In section B of the Lapp opinion, where we discussed the special use permit, we stated that a writ of certiorari was the appropriate vehicle for challenging an

8

Nos. 1-06-1000 & 1-06-2442 Consol.

ordinance passed by the village council. Lapp, 359 Ill. App. 3d at 166. However, since a special use permit was an administrative act, we applied the same standards of review as those under the Administrative Review Law. Lapp, 359 Ill. App. 3d at 166-67.

Defendants claim that section D of the Lapp opinion supports their position that the Administrative Review Law applies. Defendants quote the following portion of section D:

> "The Illinois Municipal Code expressly authorizes the corporate
> authorities of municipalities with fewer than 500,000 residents to
> reserve to themselves the power to determine and approve zoning
> variances. When corporate authorities elect to retain power to
> determine and approve zoning variances, as the Village council did
> in this case, that power can only be exercised through adoption of
> ordinances. [Citation.] The enactment of an ordinance is a
> legislative act that, unlike a special use permit, is not subject to the
> Administrative Review Law." Lapp, 359 Ill. App. 3d at 169.

In section D of the Lapp opinion, we discussed the portion of the ordinance that granted a zoning variance. Lapp, 359 Ill. App. 3d at 169. We distinguished between special use permits and zoning ordinances, noting that the former was an administrative act and the latter was a legislative act. Lapp, 359 Ill. App. 3d at 169-170. We made this distinction for the purpose of establishing the correct standard of review. Lapp, 359 Ill. App. 3d at 170. Unlike in section B where the appropriate standard of review had been taken from the Administrative Review Law, in section D the appropriate standard was an eight-factor test used for legislative enactments.

9

Lapp, 359 Ill. App. 3d at 171. Thus, the distinction between special use permits and zoning variances made in the above quote was for the purpose of establishing the correct standard of review and did not undercut the finding made in the prior section of the same opinion that a writ of certiorari was the appropriate vehicle for seeking review.

Defendants also cite Gallik v. County of Lake, 335 Ill. App. 3d 325 (2002). However, Gallik involved a different question than the one before us. In Gallik, the Second District of the Appellate Court held that the grant of a conditional use permit by a county board was an administrative act subject to the Administrative Review Law. Gallik, 335 Ill. App. 3d at 332 However, unlike the Illinois Municipal Code at issue in the case at bar, the Counties Code, (55 ILCS 5/1-1001 et seq. (West 2000)) at issue in Gallik expressly adopted the Administrative Review Law. Gallik, 335 Ill. App. 3d at 330-31. The Counties Code states: "The decisions of the county board are subject to judicial review under the Administrative Review Law, as now or hereafter amended." 55 ILCS 5/1-6007 (West 2006). There is no comparable provision in the Municipal Code adopting the Administrative Review Law for decisions by the corporate authorities of villages.

Defendants quoted the Gallik court as stating:

> "The characterization of the type of act undertaken by the
> legislative body controls the type of review ***. If it is an
> administrative act, it will be subject to administrative review
> pursuant to the Administrative Review Law." Gallik, 335 Ill. App.
> 3d at 327.

That statement is certainly true with respect to a county board, which was at issue in Gallik and for which the Counties Code expressly adopted the Administrative Review Law. However, the statement does not apply to the Village of Barrington in the case at bar.

### Writ of Certiorari Was Appropriate

It is well established under Illinois law that when the Administrative Review Law is not available, a plaintiff may seek review of an administrative act through the common law writ of certiorari. Lapp, 359 Ill. App. 3d at 166; Dubin v. Personnel Board of The City of Chicago, 128 Ill. 2d 490, 498 (1989) ("If, as here, the Administrative Review Law is inapplicable, a party may seek review of a final agency decision through a common law writ of certiorari."); Smith v. Department of Public Aid, 67 Ill. 2d 529, 541 (1977) (where Illinois Public Aid Code failed to adopt the Administrative Review Act, "the writ of common law certiorari survives as an available method of review"); Homefinders, Inc. v. City of Evanston, 65 Ill. 2d 115, 121 (1976) ("even though the administrative agency's decision was not subject to review under the provisions of the Administrative Review Act, it was nevertheless reviewable by common law certiorari"). Thus, a petition for writ of certiorari was the proper means for challenging the ordinance at issue.

### Mislabeled Complaint

The fact that plaintiffs mislabeled their complaint is irrelevant to our review. Plaintiffs admit that they should have labeled their complaint as a petition for writ of certiorari rather than as a suit for a declaratory judgment. For over 30 years ago, our Illinois Supreme Court has instructed us to pay little attention to these labels:

11

> " 'Labels have long since lost their significance in determining the
> legal sufficiency of a complaint in an ordinary action at law or in
> equity, and we see no reason why they should retain significance in
> actions to review the determinations of administrative agencies.' "
> Homefinders, 65 Ill. 2d at 122, quoting Nowicki v. Evanston Fair
> Housing Review Board, 62 Ill. 2d 11, 15 (1975).

In Homefinders, plaintiffs sought review under the Administrative Review Law, when they should have sought review through a writ of certiorari. Homefinders, 65 Ill. 2d at 122. The Illinois Supreme Court held that the complaint was nonetheless "sufficient to warrant treatment as a common law writ of certiorari" and reversed the appellate court, which had held that it lacked jurisdiction to review the mislabeled complaint. Homefinders, 65 Ill. 2d at 122; Smith, 67 Ill. 2d at 542 (complaint filed under Administrative Review Law was "sufficient to authorize review under common law certiorari"). Similarly, in the case at bar, even though plaintiffs mislabeled their original complaint, it was sufficient to warrant treatment as a petition for writ of certiorari. As a result, there was no need to amend the complaint and the trial court should have treated the complaint as a certiorari petition.

It makes sense that the labels are not given much weight since the "standards of review under a common law writ of certiorari are essentially the same as those under the Administrative Review Law." Lapp, 359 Ill. App. 3d at 166. Our Illinois Supreme Court has stated:

> "The differences which once existed between the statutory and
> common law methods of reviewing decisions of administrative

12

agencies have been all but lost, and now the nature and extent of

judicial review is virtually the same under both methods." Dubin,

128 Ill. 2d at 498.

In addition, plaintiffs filed their original complaint within both the 35-day statute of

limitations allowed for suits pursuant to the Administrative Review Law and the 6-month period

allowed for writs of certiorari. Yeksigian v. City of Chicago, 231 Ill. App. 3d 307, 310 (1992)

("six-month requirement for filing a writ of common-law certiorari"). Section 103 of the

Administrative Review Law provides:

"Every action to review a final administrative decision shall

be commenced by the filing of a complaint and the issuance of

summons within 35 days from the date that a copy of the decision

sought to be reviewed was served upon the party affected by the

decision." 735 ILCS 5/3-103 (West 2006).

Defendants in their brief to this court concede that plaintiffs' time for filing an action for

administrative review ended July 20, 2005, and that plaintiffs filed their original complaint on

July 6, 2005, which was well within the limitations period for administrative suits. Thus,

plaintiffs' complaint was timely filed within either limitations period. Yeksigian, 231 Ill. App. 3d

at 309 ("the filing requirement in administrative review is jurisdictional, and thus the issue

cannot be waived").

Nos. 1-06-1000 & 1-06-2442 Consol.

Recent Amendment of Illinois Municipal Code

Effective July 14, 2006, the zoning division of the Illinois Municipal Code was amended to add section 25, which states:

"(a) Any special use, variance, rezoning, or other amendment to a zoning ordinance adopted by the corporate authorities of any municipality, home rule or non-home rule, shall be subject to de novo judicial review as a legislative decision, regardless of whether the process of its adoption is considered administrative for other purposes. Any action seeking the judicial review of such a decision shall be commenced not later than 90 days after the date of the decision." 65 ILCS 5/11-13-25 (West 2006).

None of the parties have alleged that section 25 has retroactive application to this case.

CONCLUSION

For the foregoing reasons, the decision of the trial court is reversed.

Reversed.

CAHILL, P.J., and McBride, J., concur.