No. 2--07--0729     Filed:  1-7-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| ASHLEY LIBERTYVILLE, LLC., | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 06--R--754 |
| | ) | |
| THE VILLAGE OF LIBERTYVILLE, | ) | Honorable |
| | ) | Mary S. Schostok, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE GROMETER delivered the opinion of the court:

Defendant, the Village of Libertyville, denied a special use permit to plaintiff, Ashley Libertyville, LLC.  Plaintiff sought de novo judicial review of that decision, invoking section 11--13--25 of the Illinois Municipal Code (Municipal Code) (65 ILCS 5/11--13--25 (West 2006)).  The trial court granted that request.  The Village filed a motion to reconsider or, in the alternative, to have the matter certified for appeal under Supreme Court Rule 308 (155 Ill. 2d R. 308).  The trial court denied the motion to reconsider, but certified the following two questions:

"1. Is a special use that is not adopted by a municipality, but rather is denied, subject to de novo judicial review as a legislative decision' under [section 11--13--25 of the Municipal Code (65 ILCS 5/11--13--25 (West 2006))], which states that 'Any special use *** adopted by the corporate authorities of any municipality *** shall be subject to de novo judicial review as a legislative decision?'

2. If [section 11--13--25 of the Municipal Code (65 ILCS 5/11--13--25 (West 2006))] does apply to a denial of a special use permit, does it supersede the Second District's holding in Gallik [v. County of Lake, 335 Ill. App. 3d 325 (2002),] and preclude the court from reviewing the decision under the Administrative Review Law?" (Emphasis added.)

We granted the Village's petition for leave to appeal. We conclude, however, that these questions are not well taken, as neither section 11--13--25 of the Municipal Code nor the Administrative Review Law (735 ILCS 5/3--101 et seq. (West 2006)) has any bearing upon this case. Accordingly, we answer neither question, dismiss this appeal, and remand for further proceedings.

Understanding why neither question is pertinent requires an understanding of two supreme court cases, People ex rel. Klaeren v. Village of Lisle, 202 Ill. 2d 164 (2002), and Hawthorne v. Village of Olympia Fields, 204 Ill. 2d 243 (2003). The former involved an application for a special use permit, the latter an application for a zoning variance. In fact, Hawthorne distinguishes Klaeren on this basis. Hawthorne, 204 Ill. 2d at 253 n.2. Thus, one might conclude that this case, as it concerns a special use permit, should be controlled by Klaeren. A closer examination, however, reveals that Hawthorne is dispositive.

In Klaeren, 202 Ill. 2d at 183, our supreme court held that "municipal bodies act in administrative or quasi-judicial capacities when those bodies conduct zoning hearings concerning a special use petition." The animating concern for the Klaeren court was the protection of "the property rights of the interested parties." Klaeren, 202 Ill. 2d at 183. It is worth noting that Klaeren concerned the procedures that a municipality must employ at a hearing on a special use permit rather than the manner of judicial review of a municipality's decision. Klaeren, 202 Ill. 2d at 185 ("Since the joint procedure used by the village involved a special use request, it would be a denial of due

process not to afford interested parties the right to cross-examine adverse witnesses"). The instant case involves the nature of judicial review, and it therefore differs from Klaeren on that basis. It is also noteworthy that neither Klaeren itself nor the appellate court opinion in the matter mentions the Administrative Review Law. See Klaeren, 202 Ill. 2d 164; People ex rel. Klaeren v. Village of Lisle, 316 Ill. App. 3d 770 (2000).

Before discussing Hawthorne, we take note of two principles set forth by the supreme court in City of Chicago Heights v. Living Word Outreach Full Gospel Church & Ministries, Inc., 196 Ill. 2d 1, 13 (2001). There, the supreme court wrote, "When a legislative body acts administratively in ruling on a permit application, its decision is subject to general principles of administrative review." Living Word, 196 Ill. 2d at 13. Later, in that same case, the supreme court stated: "When a legislative body acts in a legislative capacity in ruling on a permit application, its decision is not subject to principles of administrative review. Instead, the legislative body's decision is reviewed for arbitrariness as a matter of substantive due process." Living Word, 196 Ill. 2d at 14. This court has read Living Word and Klaeren broadly, suggesting, without qualification, that all actions by a municipality that can be characterized as administrative are to be reviewed under the Administrative Review Law.[1] See PACE v. Regional Transportation Authority, 346 Ill. App. 3d 125, 135 (2003)

_____

[1]A fair question exists regarding what factors should be considered in assessing whether an action is legislative or administrative. In Klaeren, 202 Ill. 2d at 183, the supreme court focused upon the effect a special use could have upon the property rights of individuals it affected. Conversely, in Hawthorne, 204 Ill. 2d at 253, the court relied upon the manner in which a legislative body grants or denies a variance, i.e., through an ordinance. We express no opinion on this subject and simply follow Hawthorne, as that case is more relevant to the instant case.

("When a legislative body acts administratively, its decision is subject to general principles of administrative review"); Gallik v. County of Lake, 335 Ill. App. 3d 325, 327 (2002) ("The characterization of the type of act undertaken by the legislative body controls the type of review to which that act is subject. If it is an administrative act, it will be subject to administrative review pursuant to the Administrative Review Law (735 ILCS 5/3--101 et seq. (West 2000)); if it is a legislative act, it is not subject to administrative review, but the action will be reviewed for arbitrariness as a matter of substantive due process"). In light of Hawthorne, which we will discuss next, it is apparent that such a broad reading is inappropriate. Acting administratively is necessary, but not sufficient, to trigger administrative review. After all, as the First District recently observed, "the Administrative Review Law does not apply to all administrative acts." Chicago Title Land Trust Co. v. Board of Trustees, No. 1--06--1000, slip op. at 5 (September 24, 2007).

The question presented in Hawthorne, 204 Ill. 2d at 252, was whether the plaintiff was required to exhaust administrative remedies before seeking judicial review of a municipality's denial of her request for a zoning variance. The supreme court concluded that the Administrative Review Law was not applicable. Hawthorne, 204 Ill. 2d at 254. The court explained that the plaintiff's variance was denied not by a zoning board of appeals but by the board of trustees. Hawthorne, 204 Ill. 2d at 252-53. By statute, when a board of trustees elects to retain the power to grant zoning variances, it may exercise that power only through the adoption of ordinances. Hawthorne, 204 Ill. 2d at 253; see 65 ILCS 5/11--13--5 (West 2006). Enacting or rejecting an ordinance is a legislative act. Hawthorne, 204 Ill. 2d at 253. The court continued, "The Administrative Review Law does not apply to the legislative acts of legislative bodies." Hawthorne, 204 Ill. 2d at 253. Rather, administrative review is possible "only where the legislative body transfers to some administrative

agency the authority to administer the ordinance." Hawthorne, 204 Ill. 2d at 253. Thus, "where zoning action is taken by the legislative body itself, as it was in this case, a civil proceeding challenging the legislative body's action is not subject to attack on the grounds that the plaintiff failed to proceed under the Administrative Review Law." Hawthorne, 204 Ill. 2d at 253-54. In fact, the court added that "proceedings to secure review of a legislative determination under the Administrative Review Law would be a nullity." Hawthorne, 204 Ill. 2d at 254. Hence, even where an act would be otherwise administrative (such as if it had been done by a zoning board of appeals), it is legislative and outside the scope of the Administrative Review Law if it is accomplished through the enactment of an ordinance (or if its rejection entails rejecting an ordinance).

Variances and special uses, though appearing similar in many aspects, are in fact quite different. Different sections of the Municipal Code vest municipalities with the power to grant them. Regarding small municipalities (those with populations of less than 500,000), section 11--13--5 of the Municipal Code gives the power to grant variances. 65 ILCS 5/11--13--5 (West 2006). That section contains a provision stating that where this power is reserved to the corporate authorities, "it shall be exercised only by the adoption of ordinances." 65 ILCS 5/11--13--5 (West 2006). A municipality may identify and grant special uses in accordance with section 11--13--1.1 of the Municipal Code (65 ILCS 5/11--13--1.1 (West 2006)). Section 11--13--1.1 does not contain a provision similar to section 11--13--5 regarding exercising the power to permit a particular special use only through the adoption of an ordinance. This difference in the relevant statutory sections is presumably why the supreme court distinguished Klaeren from Hawthorne based upon the fact that the former concerned a special use and the latter a variance.

Thus far, it would seem that since this case involves a special use, it is more analogous to Klaeren. However, though the Municipal Code does not require the board of trustees to act through ordinances with regard to special uses, Libertyville's zoning code provides as follows:

"The Board of Trustees, in accordance with the procedures and standards set out in section 16--9 and by ordinance duly adopted, may grant special use permits authorizing the development of uses listed as special uses in the regulations applicable to the district in which the subject property is located." (Emphasis added.) Libertyville Zoning Code §16--9.2 (eff. February 28, 1995).

Thus, pursuant to this section of the Village zoning code, the board of trustees acts by ordinance with regard to special use permits. As a result, this case is actually closer to Hawthorne. In other words, when the board of trustees denied plaintiff's request for a special use permit, it was declining to adopt an ordinance. This action is legislative and therefore not subject to review under the Administrative Review Law. Hawthorne, 204 Ill. 2d at 253 ("The enactment of an ordinance is a legislative act. [Citation.] So, too, is the refusal of a legislative agency, whether a municipality or a county, to amend its ordinances").

In light of the foregoing, we answer neither of the questions that the trial court certified. De novo judicial review is required because the enactment or rejection of an ordinance is a legislative act. Such an action is never subject to review under the Administrative Review Law. Section 11--13--25 of the Municipal Code (65 ILCS 5/11--13--25 (West 2006)) is beside the point. Gallik, 335 Ill. App. 3d 325, is inapposite because, as the First District recently pointed out, it involved the Counties Code (55 ILCS 5/1--1000 et seq. (West 2006)), which, unlike the Municipal Code (65 ILCS 5/11--13--1 et seq. (West 2006)), expressly adopts the Administrative Review Law ("The decisions of the county

board are subject to judicial review under the Administrative Review Law, as now or hereafter amended" (55 ILCS 5/1--6007 (West 2006))). <u>Chicago Title Land Trust Co.</u>, slip op. at 6. <u>Gallik</u>, therefore, provides no guidance for the instant case. As neither question warrants an answer, we dismiss this appeal and remand this cause for further proceedings.

Appeal dismissed; cause remanded.

O'MALLEY and CALLUM, JJ., concur.