2021 IL App (2d) 191092-U
No. 2-19-1092
Order filed March 29, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| JOEL M. CAHN, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No.    18-MR-1122 |
| | ) | |
| THE CITY OF HIGHLAND PARK and | ) | |
| ROBERT RITHOLZ, | ) | Honorable |
| | ) | Jorge L. Ortiz, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE HUDSON delivered the judgment of the court.
Justices Schostok and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*: Trial court properly dismissed complaint seeking administrative review by *certiorari* of a legislative body's enactment of an ordinance.

¶ 2                                I. INTRODUCTION

¶ 3    Plaintiff, Joel M. Cahn, appeals an order of the circuit court of Lake County dismissing his three-count complaint against defendants, the City of Highland Park and Robert Ritholz. The trial court dismissed plaintiff's claim with prejudice, finding that an ordinance passed by the Highland Park City Council was not subject to administrative review. For the reasons that follow, we affirm.

¶ 4                                II. BACKGROUND

¶ 5 The facts pertinent to this appeal are brief and straightforward. Ritholz and Cahn own land in close proximity to each other. Ritholz sought a permit to build a revetment[1] from the City of Highland Park. A proceeding was held before the City Council of Highland Park. Cahn opposed Ritholz's request for a permit, and he participated in the proceeding, though he asserts that he was not permitted to participate. Cahn alleged that the revetment would cause flooding on his property and diminish its value.

¶ 6 Pursuant to a Highland Park ordinance, before the City Council can act on the application for such a permit, the request must be referred to the Highland Park Natural Resources Commission (Commission). Notice was given to proximate landowners. Cahn presented evidence to the Commission, including an opinion letter issued by a coastal engineer. The Commission limited the time allowed for Cahn to make his presentation, and, as a result, Cahn asserts, he was not able to make his full presentation. Subsequently, the City Council held a public meeting on the matter. Cahn asserts that he again was not permitted to make a full presentation. The City Council voted to approve the permit; however, the matter was remanded back to the Commission so that it could secure a third-party review of the request. After the review was complete, the Commission, and then the City Council, voted to approve the request. On July 23, 2018, the City Council approved an ordinance granting Ritholz a "Lake Michigan Protection Zone Building Permit."

¶ 7 On August 29, 2018, Cahn filed a complaint seeking administrative review, arguing that the City Council's decision was contrary to the manifest weight of the evidence. Defendants moved to dismiss. They asserted that the permit was granted when the City Council of Highland

---

[1] A "revetment" is "a facing of stone, concrete, fascines, or other material to sustain an embankment." Webster's Third New International Dictionary 1944 (2002).

Park adopted an ordinance. Because the adoption of an ordinance is a legislative act, they reasoned, it is not subject to administrative review. The trial court dismissed plaintiff's complaint without prejudice.

¶ 8    Plaintiff filed an amended complaint and then amended it a second time. The dismissal (with prejudice) of the second-amendment complaint is at issue in this appeal. In it, plaintiff set forth three counts. The first count is titled "Complaint For Common Law Writ of Certiorari." The second count alleges an equal-protection violation, and the third a deprivation of due process. A fourth count alleging a taking was voluntarily dismissed by plaintiff. The trial court dismissed this complaint because, it explained, "The Court finds that administrative review of the City's decision to approve the ordinance granting a zoning permit is not subject to administrative review." It added: "The Court further finds that common law writs of *certiorari* do not apply here, do not lie here. They are only available theoretically for review of administrative actions." It then declined to address the underlying merits of the second and third counts as there was "no administrative review that lies here." This appeal followed.

¶ 9                                III. ANALYSIS

¶ 10    This case comes to us following a dismissal in accordance with section 2-615 of the Civil Practice Law (735 ILCS 5/2-615 (West 2018)). Accordingly, review is *de novo*. *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 578-79 (2006). In ruling on a motion to dismiss pursuant to section 2-615, a court must accept all well-pleaded facts as true and view the complaint in the light most favorable to the plaintiff. *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 25.

¶ 11    Before this court, plaintiff presses his argument that the City Council's enactment of an ordinance granting Ritholz permission to build a revetment is subject to administrative review. He

reasons that the City's action was essentially the grant of a building permit (as opposed to a zoning action) and therefore it is administrative rather than legislative in nature. The parties spend a certain amount of time arguing over whether the City Council's actions constituted an act of zoning. Whether the City Council's actions constitute zoning is not relevant here.

¶ 12    Quite simply, the City Council's actions were legislative in nature because they were accomplished by the enactment of an ordinance. See *Hawthorne v. Village of Olympia Fields*, 204 Ill. 2d 243, 253 (2003) ("The enactment of an ordinance is a legislative act."); *Ashley Libertyville, LLC v. Village of Libertyville*, 378 Ill. App. 3d 661, 664 (2008) ("Enacting or rejecting an ordinance is a legislative act."). Our supreme court has held, ""The Administrative Review Law does not apply to the legislative acts of legislative bodies." *Hawthorne*, 204 Ill. 2d at 274. Moreover, "[E]ven where an act would be otherwise administrative (such as if it had been done by a zoning board of appeals), it is legislative and outside the scope of the Administrative Review Law if it is accomplished through the enactment of an ordinance (or if its rejection entails rejecting an ordinance)." *Ashley*, 378 Ill. App. 3d at 664.

¶ 13    Plaintiff attempts to distinguish *Hawthorne* and *Ashley* on the ground that they involve zoning issues and the instant case involves a building permit. We, however, see nothing in the text of either case evincing an intent to limit them in such a manner. The language of both cases is sweeping. See *Hawthorne*, 204 Ill. 2d at 253 ("The enactment of an ordinance is a legislative act."); *Ashley*, 378 Ill. App. 3d at 664 ("Enacting or rejecting an ordinance is a legislative act."). Moreover, plaintiff identifies no underlying policy that such a distinction would serve. Generally, the concerns emanating from the different manners in which courts review legislative and administrative decisions involve separation-of-powers considerations. See *Conaghan v. City of Harvard*, 2016 IL App (2d) 151034, ¶ 53. It is not apparent how such concerns would be alleviated

if an ordinance concerned a building permit as opposed to a zoning issue. That is, we perceive no reason, and plaintiff does not identify any, a court's invasion of the prerogatives of another branch of government would be less problematic in the area of a building permit rather than where a zoning decision is involved.

¶ 14 Plaintiff also places extensive reliance on *People ex rel. Klaeren v. Village of Lisle*, 202 Ill. 2d 164 (2002). In that case, our supreme court considered "whether a landowner whose property abuts a parcel subject to a proposed annexation, special use, and rezoning petition can be wholly denied the right to cross-examine witnesses at a public hearing regarding the petition." *Id.* at 167. It ultimately held that "because the joint hearing included a special use petition, due process required that interested parties be afforded the right to cross-examine witnesses." *Id.* When acting on a special-use petition, the *Klaeren* court stated, "municipal bodies act in administrative or quasi-judicial capacities." However, *Klaeren* concerned the process an interested party was due in such a proceeding, not the manner in which such a decision could be reviewed. *Ashley*, 378 Ill. App. 3d at 663. Indeed, "neither *Klaeren* itself nor the appellate court opinion in the matter mentions the Administrative Review Law." *Id.* In fact, *Klaeren* was an action for an injunction rather than an action for administrative review. *Klaeren*, 202 Ill. 2d at 177.

¶ 15 Furthermore, even if we were to assume that *Klaeren* had some application here and determined the procedural rights to which plaintiff was entitled in the proceedings before the City Council and the Commission, it does not follow that the Council's decision was subject to administrative review. In *Ashley*, 378 Ill. App. 3d at 664 we noted that "[a]cting administratively is necessary, but not sufficient, to trigger administrative review." Similarly, in *Chicago Title Land Trust Co. v. Board of Trustees of the Village of Barrington*, 376 Ill. App. 3d 494, 498 (2007), the First District observed "that the Administrative Review Law does not apply to all administrative

acts." In fact, section 11-13-25 of the Illinois Municipal Code (65 ILCS 5/11-13-25 (West 1998)), a statute relied on by the trial court in rejecting plaintiff's reliance on *Klaeren*, states, "Any decision by the corporate authorities of any municipality, home rule or non-home rule, in regard to any petition or application for a special use, variance, rezoning, or other amendment to a zoning ordinance shall be subject to *de novo* judicial review as a legislative decision, *regardless of whether the process in relation thereto is considered administrative for other purposes*." (Emphasis added.) Thus, the legislature has recognized that a municipal action may be considered administrative for some purposes (such as due process) and legislative for others (such as the nature of judicial review). Parenthetically, we note that, as was the case in *Ashley*, 378 Ill. App. 3d at 666, section 11-13-25 is not relevant to this case because the City Council's enactment of an ordinance was a legislative act from the outset.

¶ 16  Plaintiff's reliance on *City of Chicago Heights v. Living Word Outreach Full Gospel Church & Ministries, Inc.*, 196 Ill. 2d 1, 16 (2001), is not particularly persuasive in light of the fact that it did not actually resolve whether the denial of a special use permit was a legislative or administrative act: "However, we need not decide, in this case, whether the city council's decision to deny Living Word's application for a special use permit was an administrative or legislative act." We also note that the material plaintiff relies on in *Ward v. Village of Skokie*, 26 Ill. 2d Ill. 2d 415 (1962), appears in a special concurrence and therefore does not constitute binding authority (*Majid v. Retirement Board of the Policemen's Annuity & Benefit Fund of the City of Chicago*, 2015 IL App (1st) 132182, ¶ 27).

¶ 17  Plaintiff complains that "the conversion of administrative acts into legislative acts by the use of ordinances would deny citizens Illinois Constitutional Right to Remedy and Justice." See

Ill. Const. 1970, art. 1, § 12. He further cites Justice Klingbiel's special concurrence in *Ward*, 26 Ill. 2d at 424:

> "It is not a part of the legislative function to grant permits, make special exceptions, or decide particular cases. Such activities are not legislative but administrative, quasijudicial, or judicial in character. To place them in the hands of legislative bodies, whose acts as such are not judicially reviewable, is to open the door completely to arbitrary government. I need not dwell at length on the obvious opportunity this affords for special privilege, for the granting of favors to political friends or financial benefactors, for the withholding of permits from those not in the good graces of the authorities, and so on. The rule is familiar enough that courts may not inquire into the motives or reasons on which the legislative body acted."

However, legislative acts are not immune from judicial oversight. Legislative acts are subject to *de novo* judicial review. *Ashley*, 378 Ill. App. 3d at 666 ("*De novo* judicial review is required because the enactment or rejection of an ordinance is a legislative act."). In *Millineum Maintenance Management, Inc. v. County of Lake*, 384 Ill. App. 3d 638, 643 (2008) (quoting *Living Word Outreach Full Gospel Church & Ministries, Inc.*, 196 Ill. 2d at 14), we explained, "Conversely, '[w]hen a legislative body acts in a legislative capacity in ruling on a permit application, its decision is not subject to principles of administrative review.' " We continued, " 'Instead, the legislative body's decision is reviewed for arbitrariness as a matter of substantive due process under the six-part test set forth in *La Salle National Bank v. County of Cook*, 12 Ill. 2d 40 (1957).' " Hence, an avenue remains open to a party to challenge such a decision effectuated by an ordinance.

¶ 18    Reframing the action as one for a writ of *certiorari* does not help plaintiff.  It is true that "when the Administrative Review Law is not available, a plaintiff may seek review of an administrative act through the common law writ of *certiorari*."  *Chicago Title Land Trust Co.*, 376 Ill. App. 3d at 500-01.  However, as explained above, enacting an ordinance is a legislative rather than administrative action.  "As a general rule, *certiorari* will not lie to review acts which are ministerial, executive or legislative in nature."  *City of Highwood v. Obenberger*, 238 Ill. App. 3d 1066, 1075 (1992).

¶ 19    In sum, the trial court properly determined that the action of the City Council was legislative because it was effectuated through the enactment of an ordinance.  Attempting to challenge the decision by administrative review "is a nullity."  *Ashley*, 378 Ill. App. 3d at 665 (quoting *Hawthorne*, 204 Ill. 2d at 274).  As such, administrative review was not the proper vehicle to challenge its decision, whether by *certiorari* or by invocation of the Administrative Review law. We need not address plaintiff's additional claims, as plaintiff advances them in the context of a request for administrative review via a writ of *certiorari* and that is improper.

¶ 20                              IV. CONCLUSION

¶ 21    In light of the foregoing, the judgment of the circuit court of Lake County is affirmed.

¶ 22    Affirmed.